### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

### EASTERN DIVISION.

### (SEPTEMBER TERM, 1920.)

H. D. WATTS Co. *v.* O. S. HAUK, Revenue Agants *et al.*

*(Knoxville,* September Term, 1920.)

1. **CORPORATIONS.** Levying privilege tax on foreign construction companies restrictive.

Acts 1915, chapter 101, section 4, providing that each foreign construction company, with its chief office outside the State, operating or doing business in the State, directly or by agent, or by subletting contracts, shall pay a privilege tax of $150 per annum, is restrictive, and applies only to such companies engaged in the business of constructing bridges or other structures of a public nature, and does not include companies not falling within such class. (*Post, p.* 218.)

Acts cited and construed: Acts 1915, ch. 101, sec. 4.

2. **STATUTES.** Statutes will not be extended by implication.

Statutes levying taxes or duties on citizens will not be extended by implication beyond the clear import of the language used, nor

will their operation be enlarged so as to embrace matters or persons not specifically named or pointed out, but all questions of doubt arising on their construction will be resolved against the government and in favor of the citizen. (*Post, p.—.*)

Cases cited and approved: Plow Co. v. Hays, 125 Tenn., 155; English v. Crenshaw 120 Tenn., 531; Memphis v. Bing, 94 Tenn., 644; Crenshaw v. Moore, 124 Tenn., 528; Pryor v. Marion County, 140 Tenn., 399.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.— HON. W. B. GARVIN, Chancellor.

MILLER & MILLER, for appellant.

D. B. VANCE and CHARLES L. CORNELIUS, for respondents.

MR. JUSTICE HALL delivered the opinion of the Court.

This cause involves the liability of complainant for the privilege tax imposed on foreign construction companies by section 4 of chapter 101 of the Acts of 1915, which provides as follows:

"Sec. 4. Be it further enacted, that each vocation, occupation, and business hereinafter named in this section is hereby declared to be a privilege, and the rate of taxation on such privilege shall be as hereinafter fixed, which privilege shall be paid to the county court clerk as provided by law for the collection of revenue. . . .

H. D. Watts Co. v. Hauk.

"Each foreign construction company with its chief office outside of this State, operating or doing business in this State, directly or by agent, or by any subletting contract, each, per annum, in each county $150.

"Each domestic construction company and each foreign construction company, having its chief office in this State (doing business in this State), each, per annum, in each county $25.

"The above tax shall be paid by persons, firms, or corporations engaged in the business of constructing bridges, waterworks, railroads, street paving construction work, or other structures of a public nature."

It appears by stipulation that complainant is a foreign construction corporation with its *situs* in the *State* of Maryland, and has never been at any time engaged in the business of constructing bridges, waterworks, railroads, street paving, or other structures of a public nature, and that it has done no work in Tennessee, or taken any contract therein other than the erection of an office building for the Volunteer State Life Insurance Company, in the city of Chattanooga.

The defendants were proceeding to enforce the collection of the privilege tax of $150 imposed by the statute from complainant by a distress warrant, when they were enjoined from doing so by the present action instituted in the chancery court of Hamilton County.

On final hearing the chancellor decreed that complainant was not liable for the privilege tax, the collection of which had previously been enjoined, and said injunction was made perpetual.

From this decree defendants appealed to this court, and have assigned the action of the chancellor for error.

We are of the opinion that there is no error in the decree of the chancellor. We think the act is restrictive, and applies only to construction companies engaged in the business of constructing bridges, waterworks, street paving, or other structures of a public nature. We do not think its provisions can be broadened by construction so as to include construction companies not falling within this class; and, it being stipulated that the complainant is not of the class named in said act, we are of the opinion that it cannot be held liable for the tax imposed by it. We think the first two clauses of the act are intended as a statement simply of the tax itself, while the last clause is a statement of the persons, firms, or corporations liable for the tax.

It is a well-settled rule of interpretation in this State that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters or persons not specifically named or pointed out. All questions of doubt arising upon the construction of the statute will be resolved against the government and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imports. *Plow Co.* v. *Hays,* 125 Tenn., 155, 140 S. W., 1068; English v. Crenshaw, 120 Tenn., 531, 110 S. W., 210, 17 L. R. A. (N. S.), 753, 127 Am. St. Rep., 1025; *Memphis* v. *Bing,* 94 Tenn., 644, 30 S. W., 745; *Crenshaw* v. *Moore,* 124 Tenn., 528, 137 S. W., 924, 34 L. R. A. (N. S.), 1161, Ann. Cas., 1913A, 165; *Pryor* v. *Marion County,* 140 Tenn., 399, 204 S. W., 1152, L. R. A., 1918F, 820.

The decree is affirmed, with costs.