BURNS *v.* JOHNSON, CONSTABLE, *et al.*

(*Nashville,* December Term, 1938.)

Opinion filed July 1, 1939.

F. H. GAILOR, of Memphis, for appellants.

RALPH DAVIS and HUGH MAGEVNEY, both of Memphis, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

A distress warrant was issued by the county court clerk and placed in the hands of J. C. Johnson, constable, to enforce payment of a tax alleged to be due from the complainant W. F. Burns as the operator of a protective agency. The tax, penalty, and costs, amounting to $253.-45, were paid under protest, and complainant filed the bill to recover the amount exacted from him, upon allegations that he was not operating a protective agency and not subject to the tax.

The cause was heard by the chancellor upon bill, answer, and proof, and he found that complainant was engaged in the business of a night watchman and as such was not taxable as a protective agency, and upon that finding the chancellor entered the decree awarding complainant a recovery.

The defendants appealed and have assigned errors that raise the question of whether or not under the facts the complainant is taxable under the statute. Item 33, section 1, Art. 2, Chapter 108, Pub. Acts of 1937, under

the heading "Detective, Investigating Or Protective Agencies," imposes a tax of one hundred dollars upon "any person operating a detective agency or investigating agency or protective agency, or any person acting as a detective, investigator or protective agency or making confidential reports."

It is shown by the evidence that complainant is employed by several merchants and manufacturers in the City of Memphis to inspect their premises at night, and that he is aided in the work by three or more assistants. His duties under the employment are to examine the doors of storehouses after they are closed to see whether the doors are locked; to seal the doors after they are locked; to raise the awnings in front of stores at night and lower them the next morning; to see that lights in the stores are extinguished; in winter, to observe the heating plant and see that the heat is properly maintained; if fire is observed, to notify the fire department, and in case of burglary to notify the employer and the police department. Upon these facts the chancellor found that the service rendered by complainant to his employers was that of a watchman or observer of the premises, and that he was not taxable as a protective agency.

▆▆▆ Protective agencies made subject to the tax are not defined in the statute and the term has no generally accepted or trade meaning. When Item 33 of the statute is considered in connection with the company in which it is placed, to-wit, detective agencies and investigating agencies, it seems that the legislature intended to relate the occupation of protective agency to agencies similar to detective agencies and related activities. The statute does not by express terms impose a tax upon the occupation of watching or guarding premises, and the term

"protective agency" cannot with assurance be extended to that kind of employment. As said in *Watts Co.* v. *Hauk,* 144 Tenn., 215, 218, 231 S. W., 903, 904:

"It is a well-settled rule of interpretation in this State that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters or persons not specifically named or pointed out. All questions of doubt arising upon the construction of the statute will be resolved against the government and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imports."

The provision of Item 33 of the statute relied on by appellant is ambiguous. There is grave doubt as to whether the legislature intended to impose the tax upon the occupation of a watchman employed to observe the premises of merchants at night, and, there being doubt, it must be resolved in favor of the tax payer. *Chattanooga Plow Company* v. *Hayes,* 125 Tenn., 148, 155, 140 S. W., 1068; *Gulf Refining Company* v. *Graham,* 156 Tenn., 265, 267, 300 S. W., 564.

For the reason stated, the decree of the chancellor is affirmed.