STATE BOARD OF ARCHITECTURAL AND ENGINEERING
EXAMINERS *v.* BLALOCK.

(*Knoxville*, September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

B. B. Gullett, of Nashville, for appellant.

Atchley & Atchley, of Chattanooga, for appellee.

Mr. Justice Gailor delivered the opinion of the Court.

On June 2, 1948, in the Chancery Court of Hamilton County, the State Board of Architectural and Engineering Examiners, which we shall refer to hereinafter as the Board, filed its original bill against the defendant, Roy E. Blalock, to enjoin him from practicing engineer-

ing on the ground that defendant had no license as required by Sections 7098-7112 of the Code of Tennessee. The defendant demurred to the bill, and before that pleading was disposed of, the Board filed an amended and supplemental bill by which it averred that the Board was created by Chapter 167 of the Public Acts of 1921, and that said Act contained a "grandfather clause" which authorized the licensing of engineers who were then practicing at the time the Act was passed, provided application for such license was made within a year after the passage of the Act. The amended bill averred that the defendant did not come within the provisions of said "grandfather clause," and that he had neither applied for, nor received any license within the year after the passage of said Act. The defendant demurred to the bill as amended, and the Chancellor overruled that demurrer.

The defendant then answered the bill as amended, and in his answer set out the following defenses:

(a) That the Board did not come into equity with clean hands because of its refusal to obey the provisions of Chapter 175 of the Public Acts of 1937, and issue a license to the defendant.

(b) That the Board had been guilty of laches.

(c) That the bill as amended, attempted a collateral attack on Chapter 175 of the Public Acts of 1937.

(d) ". . . the defendant shows that for many years prior to the passage of the Legislative Act authorizing the formation of this board, and regulating the practice of engineering in the State of Tennessee, he had practiced the profession of engineering, and has a prescriptive right to practice the same, and that if he made application at some subsequent date to take the said ex-

amination, and took the same, or any part of it, which is not herein admitted, that the same was not necessary for him to have done, and he is advised, and on information and belief charges that regardless of the constitutionality of the Legislative Act complained of in the original bill he is entitled by prescription and property right to practice a profession which he was practicing long before the passage of the original regulatory act."

At this point in the litigation, the State Attorney General filed an intervening petition in which he asserted that the Board's action in denying defendant a license had been based on a written opinion from the Attorney General that Chapter 175 of the Public Acts of 1937 was unconstitutional, and he then in the petition, asserted the unconstitutionality of that Act. In substance, the prayer of the intervening petition was that the defendant be served with process and a copy of the petition, and that Chapter 175 of the Public Acts of 1937 be declared unconstitutional. The petition was filed and process issued for the defendant. When process was returned "not to be found" motion was made and granted that the prayer of the petition asking for process, be stricken, and that the cause be heard on the pleadings. Such hearing was equivalent to a hearing on bill and answer. The pertinent parts of the decree entered at that hearing are as follows:

"This cause came on to be heard before the Honorable ALVIN ZIEGLER, Chancellor, upon the motion of the complainant, State Board of Architectural & Engineering Examiners, for a hearing on the bill and answer, upon the original, the amended and supplemental bill, the demurrer of defendant previously overruled by the Court, the answer of defendant and the intervening peti-

tion of the Honorable Roy H. BEELER, Attorney General, and the entire record, upon argument of counsel, from all of which the Court is of the opinion and so finds, that the pleadings are insufficient to enter a Declaratory Judgment upon the question of the constitutionality of Chapter 175 of the Public Acts of 1937, on the grounds that the defendant is not before the Court on the intervening petition of the Attorney General; and that the answer of the defendant is sufficient to prevent the Court granting the injunctive relief sought in the absence of proof, and that the bill should be dismissed.''

From this decree the Board has perfected appeal and states in its brief that the two questions presented are:

''(a) Is Chapter 175 of the Public Acts of 1937 unconstitutional?

''(b) Should appellee be enjoined from practicing engineering?''

The question of the constitutionality of the Public Act of 1937 was properly raised only in the intervening petition, and we agree with the Chancellor in holding that since no service of process of that petition was had upon the defendant, and since his counsel made no agreement by which the service of such process was waived, the defendant was not before the Court on matters raised for the first time in that petition. *Majors* v. *McNeilly*, 54 Tenn. 294, 300; Gibson's Suits in Chy., 1937 Ed., Secs 794, 796.

As to the second question, the action of the complainant in securing a hearing of the cause ''on the pleadings'' was equivalent to a hearing on bill and answer, in effect, the complainant demurred to the answer and so admitted every material fact there alleged by the defendant. The Board so admitted the allegation of

the defendant that prior to 1921, when the Board was created, the defendant was practicing engineering, and had a right to continue to practice under the provisions of Chapter 167 of the Public Acts of 1921. The Board also admitted that it had wrongfully denied the defendant a license when he applied for it. In this state of the case the Chancellor was clearly correct in denying the injunction. It is unnecessary for us to cite authority for our rule that we will not pass on the constitutionality of an Act unless it be necessary for the disposition of a case, and in view of our disposition of this case, we find it unnecessary to pass on the motion of the defendant that the appeal should be dismissed for failure of the complainant to comply with the provisions of Rule 14, 185 Tenn. 867, with regard to the assignments of error.

The decree of the Chancellor is affirmed.

All concur.