CITY OF GREENFIELD *et al. v.* CALLINS.

(*Jackson,* April Term, 1953.)

Opinion filed June 5, 1953.

PHIL B. HARRIS, of Greenfield, and ALLEN J. STRAW-BRIDGE, of Dresden, for plaintiffs.

286

HARRY E. JONES, of Dresden, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an appeal by the City of Greenfield, from a judgment of the Circuit Court, remitting a fine assessed against Mrs. Katie Callins, by the Recorder's Court of Greenfield.

The original warrant upon which the proceeding was commenced against Mrs. Callins, charged her with a breach of ordinance No. 23 of the Official Code of Greenfield, in that she had failed and refused to obtain a city license for the operation of an automobile over the streets of Greenfield, as required by such ordinance. The pertinent part of said ordinance is as follows:

"Sec. 1. Every person, a resident of the city, who owns or operates a motor vehicle in the city, and, every person a non-resident who comes regularly within the city in pursuit of some business or occupation and who operates regularly an automo-

bile or other motor vehicle within the city, * * * shall, within five days after receiving a state license and number for operating the motor vehicle, under the laws of the State of Tennessee, or within five days after he shall begin such operation, annually register his motor vehicle with the city clerk, giving the name of the car, * * * and for such registration, shall pay an annual fee of $3.''

The following facts are not disputed: Mrs. Callins lives with her husband on a farm in Weakley County, outside the corporate limits of the City of Greenfield; she has a job in Greenfield, and drives there daily in an automobile. That is the automobile upon which the city has demanded the license, and the automobile is not owned by Mrs. Callins, but is owned by and licensed in the name of her husband, Thomas Callins.

The questions presented by the appeal are (1) that under a proper construction of the foregoing ordinance, Mrs. Callins is not liable to a fine, since she did not own the automobile in question, and (2) that the ordinance is ultra vires of the mayor and aldermen of the City of Greenfield in that it undertakes to impose a tax or license on nonresidents of the city and so is unconstitutional and void.

This Court will only pass upon the constitutionality of an ordinance or statute when such action is necessary to a disposition of the case. *Van Dyke* v. *Thompson,* 136 Tenn. 136, 189 S. W. 62; *Beck* v. *Puckett,* 2 Tenn. Cas. 490. Compare *Richardson* v. *Young,* 122 Tenn. 471, 125 S. W. 664.

On the present record, we do not reach the question of the constitutionality of the ordinance, since we hold that under a proper construction of the foregoing section of

the ordinance, Mrs. Callins was not liable for the fine imposed, because she was not the owner of the car involved. The section of the ordinance quoted above, and upon which the conviction was supported, provides:

"* * * every person a non-resident who comes regularly within the city in pursuit of some business or occupation, and who operates regularly an automobile * * * shall * * * *register his motor vehicle* with the city clerk * * * and shall pay an annual fee of $3." (Italics ours.)

■ Use of the phrase "his motor vehicle" compels us to construe the ordinance as imposing a duty of registration only on owners of motor vehicles. Clearly, if it had been the legislative intent to extend the operation of the ordinance to operators of automobiles, the city council would have used appropriate language to effect that result, and would have employed the phrase "the motor vehicle."

■ ■ Although this proceeding is civil in nature, *City of Nashville* v. *Baker,* 167 Tenn. 661, 663, 73 S. W. (2d) 169, the ordinance imposes a tax or license, so in case of ambiguity, it is to be construed strictly against the taxing authorities, and in favor of the taxpayer, and as not applying to persons not specifically pointed out. *Chattanooga Plow Co.* v. *Hays,* 125 Tenn. 148, 140 S. W. 1068; *Gulf Refining Co. of Louisiana* v. *City of Chattanooga,* 136 Tenn. 505, 190 S. W. 463; *Burns* v. *Johnson,* 174 Tenn. 615, 130 S. W. (2d) 89, 123 A. L. R. 1022.

"It is a well-settled rule of interpretation in this state that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters or

persons not specifically named or pointed out.''
*Watts Co.* v. *Hauk,* 144 Tenn. 215, 218, 231 S. W. 903, 904.

The Circuit Court so construed the ordinance and the judgment is affirmed at the cost of plaintiffs in error.