J. B. Watts, Appellant,

*v.*

Memphis Transit Management Co., Appellee.

462 S.W.2d 495.

(*Jackson*, April Term, 1970.)

Opinion filed January 4, 1971.

William E. Friedman, Memphis, for appellant.

Elmore Holmes, III, Armstrong, Allen, Braden, Goodman, McBride and Prewitt, Memphis, for appellee.

MR. JUSTICE CRESON delivered the opinion of the Court.

This case comes before this Court on petition for certiorari heretofore granted.

In the trial court, both parties herein were defendants in a personal injury suit filed against them by Mary V. Smith and Hardy Lee Jamison, Jr.

The accident from which this litigation evolved occurred on February 26, 1965. A Memphis Transit bus collided with an automobile driven by J. B. Watts, causing the bus to go out of control, striking and fatally injuring Hardy Lee Jamison, III. The plaintiff first brought suit in Federal Court, but that suit was dismissed. Within one year, the suit was refiled in Circuit

Court, on December 1, 1967. Judgment was entered against Watts and Memphis Transit, jointly and severally, on October 14, 1968. No appeal was taken.

After the judgment was entered, Watts refused to pay any part thereof and Memphis Transit paid the entire judgment into the office of the Circuit Court Clerk. On December 10, 1968, Memphis Transit filed a motion in the same lawsuit, "* * * for judgment over against the defendant, J. B. Watts, for contribution in the sum of $12,955.50, pursuant to T.C.A. sec. 23-3104(b)." This motion was granted, from which Watts appealed. The Court of Appeals affirmed.

■ The issue here involves, generally, the right of appellee, Memphis Transit Management Co., to have contribution from its joint tort-feasor, appellant, J. B. Watts; and, specifically, whether that right may be enforced under the Uniform Contribution Among Tort-Feasors Act, T.C.A. secs. 23-3101 through 23-3106, including application of the rule of res adjudicata effect of the judgment against both tort-feasors in the suit for damages.

Appellant Watts argues that the accident occurred and suit for damages was instituted prior to the effective date of the Contribution Among Tort-Feasors Act, on April 3, 1968. It is further argued that the Act is substantive in nature in this aspect and cannot be retroactively applied.

The appellee, on the other hand, contends that contribution as sought in this case existed prior to the passage of this Act, citing *Cohen v. Noel* (1933), 165 Tenn. 600, 56 S.W.2d 744; *Central Bank & Trust Co. v. Cohn* (1924), 150 Tenn. 375, 264 S.W. 641. It is next insisted that the

Act does not create a substantive right not already in existence, but that only the *method* of enforcing that right has been altered, thus rendering the Act procedural in nature, and subject to retroactive enforcement.

T.C.A. sec. 23-3104(b) is as follows:

"Where a judgment has been entered in an action against two (2) or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action by judgment in favor of one against other judgment defendants *by motion* upon notice to all parties to the action provided that any issue as to indemnity may be determined at the hearing of such motion." (Emphasis added).

The Court of Appeals held that this statute provided a new and more expedient remedy, making the bringing of a separate suit in Chancery unnecessary. It was further held that the statute in question does not impair any contractual obligation or disturb a vested right, and is applicable to proceedings begun prior to its passage.

The problem that confronts this Court is the legislative intent expressed by the insertion of an exception clause into T.C.A. sec. 23-3104(f) of the Uniform Contribution Among Tortfeasors Act. That specific section reads:

"The judgment of a court in determining the liability of the several defendants to a claimant for an injury or wrongful death after trial on the merits, shall be binding among such defendants in determining their right to contribution or indemnity, *except where a claimant commenced an action for injury or wrongful death prior to the effective date of this chapter.*" (Emphasis added).

To reiterate, the lawsuit initiated by the claimants against defendants Watts and Memphis Transit Authority was commenced in the Circuit Court of Shelby County, on December 1, 1967; Tennessee's Uniform Contribution Among Tortfeasor's Act became effective April 3, 1968; judgment for the claimants against both defendants, jointly and severally, was entered on October 14, 1968; defendant-appellee Memphis Transit Management Co. filed a written motion for judgment over against defendant-appellant Watts for contribution on December 10, 1968, to which defendant-appellant Watts demurred; finally, on January 17, 1969, the trial judge overruled defendant-appellant's demurrer, granted defendant-appellee's motion for judgment for contribution, and entered judgment for contribution.

Appellee has insisted, and the Court of Appeals agreed, that the only purpose of the aforementioned sec. 23-3104 (f) is to invoke the res adjudicata effect of a judgment against two or more defendants. The old rule of contribution was that *fact issues* adjudicated in the first action do not operate as res adjudicata or collateral estoppel, as between the defendants, *Wiles v. Young* (1934), 167 Tenn. 224, 68 S.W.2d 114. It is further insisted that the only purpose of sub-section (f) is to change this rule to make defendants bound as among themselves by the adjudication of their liability to the plaintiff. Authority cited for this position is the Official Commissioner's Note of the Commission on Uniform Laws (Uniform Laws Annotated, Vol. 9, p. 131, 1967 Supplement), which states:

"Subsection (f) *Res Adjudicata.* This seems necessary in view of the position some courts have taken that adjudication of liability to the plaintiff of several de-

fendants is not necessarily res adjudicata of the liability for determination of contribution claims. Obviously the defendants should be bound as among themselves by the adjudication of their liability to the claimant."

But for the exception clause in T.C.A. sec. 23-3104(f), we might agree with appellee in this case. We are of opinion, however, that the decision of the Court of Appeals must be reversed and the cause remanded.

It is to be noted that the Commissioner's note on Uniform Laws relied on by appellee and cited by the Court of Appeals, does not mention an exception clause. It is also worthy of note that of the six states that have adopted the 1955 Revised Uniform Act, the aforementioned exception clause is unique to Tennessee.

This Court has consistently held that the legislative intent controls the construction of statutes; that the Court may assume that the Legislature used each word in the statute purposely, and that the use of words conveys some intent and has a meaning and purpose. *Anderson Fish & Oyster Co. v. Olds* (1955), 197 Tenn. 604, 277 S.W.2d 344; *Powers v. Vinsant* (1932), 165 Tenn. 390, 54 S.W.2d 938.

In the present case Memphis Transit Management Co. argues that the only issues involved are its right to contribution as adjudged in the trial court and its privilege to enforce that right of contribution by motion as provided in T.C.A. sec. 23-3104(b). This argument then proceeds to espouse the idea that the section last cited is independent of and unrelated to T.C.A. sec. 23-3104(f). We cannot at all accept this view. This record is abundantly clear that the res adjudicata rule enunciated in sec. 23-3104(f) has been utilized as the very hearthstone

of Memphis Transit Management Co.'s judgment over against Watts.

██ It is pertinent to observe here that the inclusion in this Act of sec. 23-3104(f), apart from the "except" clause, might well pose what can be, and often is, one of the most controversial and abstruse problems within the entire spectrum of constitutional law—that is, just what is rightly to be deemed substantive and what procedural. Every well-recognized text authority on the subject of constitutional law, particularly that part discussing the ex post facto principle, has recognized the above to be the case. However, since this case is to be disposed of on a nonconstitutional issue, that of statutory construction and application, we do not, and should not, reach a constitutional issue. *State ex rel. Loser v. National Optical Stores Co.* (1949), 189 Tenn. 433, 225 S.W.2d 263; *State Board of Architectural, etc. v. Blalock* (1950), 190 Tenn. 626, 231 S.W.2d 326; State *ex rel. West v. Kivett* (1957) 203 Tenn. 49, 308 S.W.2d 833.

To again reiterate, the "except" clause of sec. 23-3104(f) is as follows:

"* * * except where a claimant commenced an action for injury or wrongful death prior to the effective date of this chapter."

Immediately above the quoted language, the Uniform Act specifically enunciates the res adjudicata principle.

Approval of the judgments below would require us to ignore the last quoted clause of the section in controversy. This we cannot do, and are of no mind to attempt otherwise.

The result is that the judgments of the Courts below are reversed; and the cause is remanded to the Circuit Court of Shelby County for such further proceedings as are not inconsistent with this opinion. The costs of this Court are assessed against the appellee; the costs below to abide ultimate disposition there.

DYER, CHIEF JUSTICE, CHATTIN and McCANLESS, JUSTICES, and ADAMS, SPECIAL JUSTICE, concur.