**Harold Lloyd HAYNES and wife, Helen M. Haynes, Florence Gobble Flynn, Scenic Helicopter Rides, Ltd., Pigeon Forge Helicopters, Inc., Scenic Helicopters, Inc., Plaintiffs–Appellees,**

v.

**CITY OF PIGEON FORGE, TN., Defendant–Appellant.**

**Bobby RIGGS d/b/a Miami Helicopter Services of Tennessee and M–Helicopters of Tennessee, Inc., Plaintiffs–Appellees,**

v.

**CITY OF PIGEON FORGE, TN., Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

March 2, 1994.

Permission to Appeal Denied by Supreme Court July 25, 1994.

Norma McGee Ogle, Sevierville, Robert E. Cooper, Jr., Nashville, for defendant/appellant.

Dwight E. Stokes, Sevierville, for plaintiffs/appellees.

## OPINION

McMURRAY, Judge.

The plaintiffs in each of these cases instituted an action in the Circuit Court of Sevier County seeking to have ordinance No. 411 of the City of Pigeon Forge invalidated. The plaintiffs asserted, among other things, that the ordinance was in contravention of the State Constitution. No statute was challenged. While it is not clear from the record whether or not the cases were formally consolidated for trial, they were heard together by the trial court and have been consolidated for purposes of appeal. The issues are identical. After a hearing on a motion for sum-

mary judgment, the trial court resolved the issues in favor of the appellees by *sua sponte* ruling that T.C.A. § 13–7–208, sub-section f was unconstitutional. For reasons hereinafter stated, we affirm the action of the trial court in invalidating the ordinance but pretermit the constitutional issue and rest our decision on other grounds. As to the constitutional issue, under Tennessee law, our courts do not decide constitutional questions unless the issue's resolution is absolutely necessary for determination of the case and the rights of the parties. *Watts v. Memphis Transit Management Co.*, 224 Tenn. 721, 462 S.W.2d 495, 48 (1971); *Glasgow v. Fox*, 214 Tenn. 656, 383 S.W.2d 9, 13–14 (1964); *State ex rel. West v. Kivett* 203 Tenn. 49, 55–56, 308 S.W.2d 833 (1958); *City of Greenfield v. Callins*, 195 Tenn. 285, 287, 259 S.W.2d 525 (1953); *State Board of Architectural & Engineering Examiners v. Blalock,* 190 Tenn. 626, 631, 231 S.W.2d 326 (1950); *State ex rel. Loser v. National Optical Stores Co.*, 189 Tenn. 433, 444, 225 S.W.2d 263 (1949); *Bah v. Bah* 668 S.W.2d 663, 668 (Tenn.App.1983). Furthermore, this state's case law mandates that courts avoid deciding constitutional issues when a case can be resolved on non-constitutional grounds. *Watts v. Memphis Transit Management Co.*, supra. *See also Dichtel v. Memphis & Shelby County*, 1989 WL 3785, an unreported case of this court by Judge Tomlin, opinion filed January 23, 1989.

Firstly, we note that both the Tennessee Rules of Civil Procedure and the Tennessee Rules of Appellate Procedure require notice to the Attorney General of the State whenever a statute of this state is drawn in question in any action to which the state or an officer or agency is not a party. *See* Rule 24.04, T.R.C.P. and Rule 32, T.R.A.P. As far as we are able to determine from the record, there was no compliance with either rule. We are, therefore, of the opinion that the constitutional ruling is procedurally defective. Since, however, we do not find it necessary to address the constitutional issue, this deficiency is of no consequence.

The appellant has presented the following issues for our consideration:

1. Whether the Circuit Court erred by granting plaintiffs' motions for summary

judgment and by holding that ordinance 411 of the City of Pigeon Forge is void on the basis that the ordinance is an unconstitutional exercise of zoning power and preempted by federal aviation law?

2. Whether the Circuit erred by denying the motion for partial summary judgment filed by defendant City of Pigeon Forge.

With all due respect to counsel for the appellants, the trial court did not find the ordinance to be unconstitutional but, on the other hand, found that the Statute T.C.A. § 13–8–208, Sub–Section f, which excluded municipalities classified as a "premier type tourist resort" from the "grandfather" provisions of T.C.A. § 13–8–208 to be unconstitutional.[1] In addition, he found the ordinance to be invalid because of federal preemption.

The appellees have presented a multiplicity of issues for our consideration, however, we find it necessary to address only one, i.e., ". . . the City of Pigeon Forge failed to comply with T.C.A. § 13–7–203 and/or T.C.A. § 13–7–204 in regard to submitting the ordinance to the Planning Commission of the City of Pigeon Forge and the ordinance is therefore void and of no effect."

We find it unnecessary to address either the constitutional or federal preemption issue. We find that the ordinance is clearly invalid for other reasons.

The plaintiffs are operators of helicopter services which provide flights on a commercial basis and cater primarily to tourists visiting the Great Smokey Mountain area. Their places of business are located on Highway 441 and now, by virtue of having been annexed, are within the city limits of the City of Pigeon Forge. The annexation took place in 1977 and 1978.

On June 25, 1974, the City of Pigeon Forge had passed an ordinance which provided in pertinent part as follows:

AN ORDINANCE TO MAKE IT UNLAWFUL TO LAND AIRPLANES, HELICOPTERS AND FLYING MACHINES WITHIN THE CITY LIM-ITS: AND PROVIDE A PENALTY FOR THE VIOLATION OF THIS ORDINANCE.

BE IT ORDAINED by the City of Pigeon Forge, Tennessee, that hereafter it shall be unlawful for any person, firm, partnership or corporation to land any airplanes, helicopter or flying machine within the boundaries of the city limits of Pigeon Forge, Tennessee.

\* \* \* \* \* \*

After the annexation in 1977 and 1978, the appellees were permitted to operate their respective helicopter businesses as a pre-existing nonconforming use under the city's zoning ordinance.

The city's zoning ordinance provides in part as follows:

401. *Continuance of Nonconforming uses.* Any lawful use of any building or land existing at the time of the enactment of this ordinance or whenever a district is changed by amendment thereafter may be continued although such use does not conform with the provisions of this ordinance.

\* \* \* \* \* \*

510. *Annexations.* All territory which may hereafter be annexed to the City of Pigeon Forge, Tennessee, shall be considered to be in the R–1 Low Density Residential District until otherwise classified.

\* \* \* \* \* \*

1201. *Procedure.* The Board of mayor and aldermen may amend the regulations, boundaries, or any provision of this ordinance. Any member of the city board may introduce such amendment, or any official, board, or any other person may present a petition to the board of mayor and aldermen requesting an amendment or amendments to this ordinance.

1202. *Approval by Planning Commission.* No such amendment shall become effective unless the same be first submitted for approval, disapproval or suggestion to the planning commission. If the planning commission within thirty (30) days

1. For purpose of this appeal, we will assume without deciding that the City of Pigeon Forge is a "premier type tourist resort" as that term is used in T.C.A. § 13–7–208.

disapproves after such a submission, it shall require the favorable vote of a majority of the entire membership of the city board to become effective. If the planning commission neither approves nor disapproves such proposed ordinance within forty-five (45) days after such submission, the action of said board shall be deemed favorable.

\* \* \* \* \* \*

*1301. Conflict with other Ordinances.* In case of conflict between this ordinance or any part thereof, and the whole or part of an existing or *future ordinance* (emphasis added) of the City of Pigeon Forge, the most restrictive shall apply.

It should be noted that Section 1201 and 1202 of the zoning ordinance of Pigeon Forge are simply a restatement of the requirements of T.C.A. §§ 13-7-203 and 13-7-204, which are an integral part of the statutory scheme which grants zoning powers to municipalities.

The ordinance under consideration provides in pertinent part as follows:

ORDINANCE ELIMINATING THE USE OF LAND FOR PREEXISTING NONCONFORMING HELICOPTER OPERATIONS.

\* \* \* \* \* \*

1. That two years from the date of final passage of this ordinance, it shall be unlawful for any existing helicopter operation to land or take off from land within the corporate limits of the City of Pigeon Forge for purposes of carrying passengers upon sightseeing tours, excursions, trips, etc.

2. That this ordinance shall apply only to helicopter operations that were in existence prior to annexation within the corporate limits of the City of Pigeon Forge and which have been operating as a pre-existing nonconforming use.

Whether this ordinance is, was intended to be, or is not and was not intended to be, an amendment to the zoning ordinance, it does, in effect, amend the ordinance. It, therefore, was a requirement by the city's own zoning ordinance and T.C.A. §§ 13-7-203 and 13-7-204 that the ordinance be submitted to the planning commission before passage. It is undisputed that this was not done. We also note that Section 1301 of the City's zoning ordinance relating to conflicts between the zoning ordinance and future ordinances does not cure the defect. It must be said that any ordinance which directly or indirectly amends the zoning ordinance must be submitted to the planning commission. It is a well settled principle of law that one cannot do indirectly what cannot be done directly. *See i.e., Scott v. McReynolds,* 255 S.W.2d 401, 36 Tenn.App. 289 (1952) and *Roberts v. Roberts,* 767 S.W.2d 646 (Tenn. App.1988).

Further, compliance with the provisions of T.C.A. § 13-7-204 is mandatory. *Holdredge v. City of Cleveland,* 218 Tenn. 239, 402 S.W.2d 709 (1966). It is clear that failure of the City of Pigeon Forge to submit the ordinance in question to the planning commission renders it fatally defective.

We affirm the result reached by the trial court and accordingly affirm the judgment. Costs are taxed to the appellant and this cause is remanded to the trial court.

FRANKS, J., and CLIFFORD E. SANDERS, Judge, concur.