## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

FILED

October 17, 1995

Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **BESSIE LEE KING,** | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | **Shelby Circuit No. 56526 T.D.** |
| | ) | |
| **VS.** | ) | **Appeal No. 02A01-9504-CV-00081** |
| | ) | |
| **DAVIDSON (NMN) TAYLOR,** | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE D'ARMY BAILEY, JUDGE

**COLEMAN GARRETT**
Memphis, Tennessee
Attorney for Defendant/Appellant

**ROBERT F. DONOHUE**
**W. MARK WARD**
Memphis, Tennessee
Attorneys for Plaintiff/Appellee

**AFFIRMED**

**ALAN E. HIGHERS, JUDGE**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HEWITT P. TOMLIN, JR., SPECIAL JUDGE**

This appeal arises out of a paternity action filed by the Plaintiff-Appellee, Bessie Lee King, against the Defendant-Appellant, Davidson Taylor, to establish the paternity of King's minor child, Davene. The action was originally filed in the Juvenile Court of Memphis and Shelby County, but was transferred to Circuit Court after Mr. Taylor requested a jury trial. Mr. Taylor, Ms. King, and Davene submitted to a blood test. The sworn blood test results, which accompanied Appellee's motion for summary judgment, established that Mr. Taylor had a 99.65% probability of being Davene's father. Relying on both the blood test and T.C.A. § 24-7-112(b)(2) (Michie 1994), the trial court granted Ms. King's motion for summary judgment. Mr. Taylor appeals the decision of the trial court.

When the present suit was originally filed, T.C.A. § 24-7-112 (b)(2) read as follows:

> During any civil proceeding in which the question of parentage arises, upon the motion of either party or on the court's own motion, the court shall, at such time as it deems equitable, order all necessary parties to submit to any tests and comparisons which have been developed and adapted for purposes of establishing or disproving parentage. Failure of either party to make a motion for submission to such tests and comparisons shall constitute a waiver and shall not be grounds for a continuance. The results of such tests and comparisons, including the statistical likelihood of the alleged parents's parentage, if available, may be admitted into evidence as provided in subsection (b).

In 1994, the Legislature deleted the existing code section and substituted the following language:

> (2)(A) In any proceeding where the paternity of an individual is at issue, the written report of blood, genetic, or DNA test results by the testing agent concerning the paternity is admissible without the need for any foundation testimony or other proof of the authenticity or accuracy of the test unless a written objection is filed with the court and served upon all parties thirty (30) days prior to the date of the hearing. For purposes of this section, service shall be deemed made upon the date of mailing.

> (B) An individual is conclusively presumed to be the father of a child if blood, genetic, or DNA tests show that the statistical probability of paternity is 99% or greater. A rebuttable presumption of the paternity of an individual is established by blood, genetic, or DNA testing showing a statistical probability of paternity of that individual at ninety-five (95%) or greater.

2

> (C) An affidavit documenting the chain of custody of any blood specimen is admissible to establish such chain of custody.

T.C.A. § 24-7-112 (b)(2)(Michie 1994).

The current version of T.C.A. § 24-7-112(b)(2) became effective July 1, 1994. Appellant argues that because this change in the statute effects substantive rather than procedural rights, the statute cannot be applied retroactively. As our supreme court stated in Kee v. Shelter Insurance, 852 S.W.2d 226, 228 (Tenn. 1993), legislation may be applied retroactively in limited circumstances:

> Generally statutes are presumed to operate prospectively and not retroactively. Woods v. TRW, Inc., 557 S.W.2d 274, 275 (Tenn. 1977); Cates v. T.I.M.E. DC, Inc., 513 S.W.2d 508, 510 (Tenn. 1974). An exception exists, however, for statutes which are remedial or procedural in nature. Such statutes apply retrospectively, not only to causes of action arising before such acts become law, but also to all suits pending when the legislation takes effect, unless the legislature indicates a contrary intention or immediate application would produce an unjust result. Saylors v. Riggsbee, 544 S.W.2d 609, 610 (Tenn. 1976).

As the Appellee aptly states, the change imposed by the 1994 Amendment to T.C.A. § 24-7-112(b)(2) is procedural. The Tennessee Supreme Court has defined "procedure" as:

> [T]he mode or proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which by means of proceeding, the court is to administer -- the machinery, as distinguished from its product; . . . including pleading, process, evidence, and practice . . ..Practice [is] the form . . for the enforcement of rights or the redress of wrongs, as distinguished from the substantive law which gives the right or denounces the wrong . . .

Saylors v. Riggsbee, 544 S.W.2d 609, 610 (Tenn. 1976).

The current version of T.C.A. § 24-7-112(b) neither gives a right nor denounces a wrong. A conclusive presumption of paternity, where the probability of paternity is 99% or greater, simply expedites the resolution of paternity disputes. As such, the change in the statute is procedural in nature.

Appellant contends that even if the amended version of T.C.A. § 24-7-112(b)(2) applies to this case, application of the statute violates the Due Process Clause of the

3

Fourteenth Amendment of the United States Constitution. It is well established that this Court will not consider a constitutional question unless it is absolutely necessary for determination of the case and the matter cannot be resolved on nonconstitutional grounds. Hayes v. City of Pigeon Forge, 883 S.W.2d 619, 620 (Tenn. App. 1994) (citing Watts v. Memphis Transit Management Co., 224 Tenn. 721, 727, 462 S.W.2d 495, 498 (1971)). Moreover, both the Tennessee Rules of Civil Procedure and the Tennessee Rules of Appellate Procedure require notice to the State Attorney General whenever the constitutionality of any state statute is questioned and the state or an officer or agency is not a party. See T.R.C.P. 24.04; T.R.A.P. 32. There is no evidence in the record of compliance with that the above cited rules. We therefore decline to address Appellant's argument that T.C.A. § 24-7-112(b)(2) is unconstitutional.

The final issue Appellant presents for this court's review is whether the trial court erred in granting summary judgment in this matter. A trial court should grant a motion for summary judgment when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. T.R.C.P. 56.03; Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). The only material fact in this paternity suit is whether the Appellant is the father of Davene King. This fact was conclusively established by the blood test to which all parties submitted. Based on T.C.A. § 24-7-112(b)(2), the trial court was correct in ruling that the Appellee was entitled to judgment as a matter of law.

For the reasons stated herein, the judgment of the trial court is affirmed. Costs are taxed to the Appellant.

_____
HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
TOMLIN, SP. J.

4