IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 7, 2012 Session

## TELLICO VILLAGE PROPERTY OWNERS ASSOCIATION, INC. v. HEALTH SOLUTIONS, LLC, ET AL.

**Appeal from the Chancery Court for Loudon County**
**No. 11360      Frank V. Williams, III, Chancellor**

_____

**No. E2012-00101-COA-R3-CV-FILED-JANUARY 30, 2013**

_____

Tellico Village Property Owners Association, Inc. ("TVPOA") sued Health Solutions, LLC; Tellico Senior Living, LLC; Citizens National Bancorp, Inc. d/b/a Citizens National Bank of Tennessee; Home Federal Bank Corporation d/b/a Home Federal Bank; and NBN Corporation d/b/a National Bank of Tennessee ("National Bank") with regard to a failed development project. TVPOA asked the Trial Court to declare that TVPOA's option agreement concerning real estate in the development project had priority over certain recorded deeds of trust. National Bank appeals the Trial Court's grant of partial summary judgment to TVPOA raising issues about whether the Memorandum of Agreement and Development Agreement between TVPOA and the Developer and the Developer Company violated the statute of frauds, and the Trial Court's grant of TVPOA's motion in limine to exclude evidence on National Bank's claim of unjust enrichment. We find and hold that National Bank was not a party to the Memorandum of Agreement or the Development Agreement and, therefore, may not raise a statute of frauds defense. We further find and hold that the Trial Court did not err in excluding evidence on National Bank's claim of unjust enrichment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

Kristi M. Davis, Knoxville, Tennessee, for the appellant, NBN Corporation d/b/a National Bank of Tennessee.

C. Coulter Gilbert, Kevin C. Stevens, and Briton S. Collins, Knoxville, Tennessee, for the appellee, Tellico Village Property Owners Association, Inc.

David L. Buuck, Knoxville, Tennessee, for the appellees, the Individual Residents of Tellico Senior Living Neighborhood at Tellico Village[1].

**OPINION**

**Background**

In January of 2000, TVPOA, Health Solutions, LLC ("Developer"), and Tellico Senior Living, LLC ("Developer Company") executed a Development Agreement ("the Development Agreement") and Real Estate Purchase Agreement[2] ("Purchase Agreement") for the purpose of developing an assisted living facility and condominium project in Loudon County, Tennessee. Pursuant to these agreements, TVPOA agreed to sell approximately thirty acres to the Developer Company.

The Development Agreement provided, in pertinent part:

THIS DEVELOPMENT AGREEMENT ("Agreement") is entered as of January 24, 2000, between Health Solutions, LLC ("Developer"), a Tennessee limited liability company, Tellico Senior Living, LLC ("Developer Company"), a Delaware limited liability company, and Tellico Village Property Owners Association, Inc. ("Association"), a Tennessee nonprofit corporation.

* * *

Developer Company may, at its option, elect on or after January 1, 2006 until December 31, 2007 to put to the Association the remaining unsold Real Estate on which Free-standing Condo Units and Building Condo Units were to have

---

[1]During the pendency of this suit, TVPOA was granted leave to amend its complaint to add Gary and Barbara Knight; Lou and Geri Sorell; Gus and Betty Cappadona; Cecilia Poulsen; Howard and Kirstin Farrington; Ginny Nash; Jack and Wanda Stephens; Shirley Tracy; Mick and Mary Wendt; Mary Newman; Isabel Drerup; Ray and Avis Oliver; Marie Kane; Dorothy Lubitz; Irene Fero; Willem and Henny Jochem; Alyce Fleishman; Carl and Caroline Burke; Bob and Marry Lou Gates; and James Cox as additional defendants to the suit. Mr. Buuck represents these individual residents with the exclusion of Gary and Barbara Knight.

[2]TVPOA and Tellico Senior Living, LLC were the only parties to the Purchase Agreement.

been built at a purchase price of $6,500 per acre (with any partial acre to be sold on a prorata basis). In the event Developer Company gives notice of its exercise of such put with respect to the such unsold acreage, the Association shall purchase and Developer Company shall convey such acreage to Association free and clear of all liens and encumbrances (except those existing while owned by the Association) within ninety (90) days of Developer Company's election notice at a closing announced in the election notice. Provided Developer Company has not exercised its put as provided in this subsection and has not sold at least 90 Free-standing Condo Units on or before January 1, 2008, then Developer Company agrees that Association, at Association's option, may elect on or before July 1, 2008 to purchase any of the unsold Real Estate on which Free-standing Condo Units were to have been built at a purchase price of $6,500 per acre (with any partial acre to be sold on a prorata basis). Provided further that if Developer Company has not exercised its put as provided in this subsection and has not constructed the Building Condo Units on or before January 1, 2008, then Developer Company agrees that Association, at its option, may elect on or before July 1, 2008 to purchase any of the unsold Real Estate on which the Building Condo Units were to have been built at a purchase price of $6,500 per acre (with any partial acre to be sold on a prorata basis). In the event Association gives notice of its exercise of such options with respect to any of the unsold acreage, Developer Company shall convey such acreage to Association free and clear of all liens and encumbrances (except those existing while owned by the Association) within ninety (90) days of Association's election notice at a closing announced in the election notice.

In October of 2000, TVPOA recorded the Memorandum of Agreement in the Loudon County Register of Deeds Office which referenced the puts and rights of repurchase ("Option") contained in the Development Agreement and provided a meets and bounds description of the property that TVPOA sold to the Developer Company.

In November of 2002, National Bank recorded a Deed of Trust to secure a loan it made to the Developer Company. National Bank admitted that it was aware of the previously recorded Memorandum of Agreement. National Bank recorded a Second Deed of Trust to secure a loan to the Developer Company in September of 2006. National Bank admitted that TVPOA never executed any written agreement subordinating any rights to National Bank's Deed of Trust or Second Deed of Trust.

By letter dated February 8, 2008, TVPOA announced its election to exercise the Option at a closing set in March of 2008. The Developer and the Developer Company failed to appear at the closing, and this lawsuit was filed in December of 2008.

TVPOA filed a motion for partial summary judgment against National Bank on the issue of whether TVPOA's Option has priority over National Bank's Deed of Trust and Second Deed of Trust. National Bank responded to TVPOA's motion for partial summary judgment raising a statute of frauds defense to the Memorandum Agreement and Development Agreement. After a hearing, the Trial Court granted TVPOA partial summary judgment against National Bank finding and holding that TVPOA's Option has legal priority over National Bank's subsequently recorded Deed of Trust and Second Deed of Trust.

During the hearing on the motions for summary judgment and after the Trial Court announced its ruling on TVPOA's motion for partial summary judgment against National Bank, a discussion arose about the possibility of depositing the option funds into court pending the final outcome of the case. National Bank's attorney announced an intent to raise an equitable argument and pursue a claim for unjust enrichment at trial. TVPOA objected to "proof of an equitable argument," and presentation of evidence on an unjust enrichment claim due to the existence of the contract, i.e., the Option. The Trial Court instructed TVPOA and National Bank to "come up with some authority on that where there is a provision setting out a specific amount in the contract, can you then change that under the rules of restitution or quasi contracts for improvements that are made." National Bank's attorney responded by stating: "Okay. I'm sure Mr. Stevens and I will both be prepared for that issue so we can argue it on the on [sic] 24th when we have the hearing date."

On the day before trial, National Bank provided TVPOA with the report of National Bank's expert appraiser, whom National Bank intended to produce at trial in support of its unjust enrichment claim. National Bank had not previously disclosed this expert appraiser or this report. TVPOA filed a motion in limine to exclude the testimony of this previously undisclosed expert and, further, to preclude any evidence on National Bank's claim of unjust enrichment.

The Trial Court heard argument on the motion in limine on the morning of trial and held that National Bank had failed to properly disclose its expert appraiser and would not be allowed to present this expert at trial[3]. The Trial Court further held that National Bank could not produce evidence on its unjust enrichment claim. National Bank's attorney made an offer of proof by stating that National Bank intended to produce evidence on its unjust enrichment claim in the form of testimony of a Senior Vice President of National Bank who

---

[3]National Bank concedes in its brief on appeal that it does not appeal this ruling.

would testify about the amount of the loan from National Bank to the Developer Company and the fact that "those loan proceeds were specifically used for construction of infrastructure, utilities, roads, grading on the project."

After trial, the Trial Court entered its judgment on December 19, 2011. National Bank appeals to this Court raising issues regarding the grant of partial summary judgment to TVPOA and the exclusion of evidence on National Bank's unjust enrichment claim.

## Discussion

Although not stated exactly as such, National Bank raises two issues on appeal: 1) whether the Trial Court erred in granting partial summary judgment to TVPOA after finding that National Bank could not raise a statute of frauds defense as to the Memorandum Agreement and Development Agreement; and, 2) whether the Trial Court erred in granting TVPOA's motion in limine with respect to National Bank's claim for unjust enrichment. TVPOA raises an issue about whether National Bank properly raised an additional issue on appeal regarding an alleged deficiency in the Order for Deposit in Court.

We will address TVPOA's issue first. In its brief on appeal, TVPOA correctly notes that National Bank did not raise an issue regarding the Order for Deposit in Court in its Statement of the Issues presented for review. We do not agree with TVPOA that National Bank was attempting to raise this as a separate issue. Rather, in its brief on appeal, National Bank mentions this subject as a fact which National Bank argues supports National Bank's statute of frauds argument.

We note, however, that if we are incorrect and National Bank was attempting to raise this as a separate issue, this issue has been waived. As this Court has stated many times:

> In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a). "Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal." *Branum v. Akins*, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 1998); *see also Morris v. Snodgrass*, 886 S.W.2d 761 (Tenn. Ct. App. 1994); *Maryville Housing Authority v. Ramsey*, 484 S.W.2d 73 (Tenn. Ct. App. 1972). Courts have consistently held that issues must be included in the Statement of Issues

Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals.

*Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001).

We next consider whether the Trial Court erred in granting partial summary judgment to TVPOA after finding and holding that National Bank could not raise a statute of frauds defense as to the Memorandum Agreement and Development Agreement. Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952

S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

TVPOA sought partial summary judgment on the issue of whether its Option had legal priority over National Bank's subsequently recorded Deed of Trust and Second Deed of Trust. In opposition to TVPOA's motion for partial summary judgment, National Bank argued that the statute of frauds precluded enforcement of the Option as memorialized in the recorded Memorandum of Agreement and the Development Agreement.

National Bank was not a party to the Memorandum of Agreement or the Development Agreement between TVPOA and the Developer and the Developer Company. The law is well settled that "a third party cannot object to enforcement of the contract by raising the statute of frauds." *Anderson v. Hacks Crossing Partners*, 3 S.W.3d 482, 486 (Tenn. Ct. App. 1999). *See also, e.g., Culwell v. Culwell*, 133 S.W.2d 1009, 1012 (Tenn. Ct. App. 1939); *2850 Parkway Gen. P'ship v. Scott*, No. E2010-02413-COA-R3-CV, 2012 Tenn. App. LEXIS 4, at *15 (Tenn. Ct. App. Jan. 5, 2012), *no appl. perm. appeal filed*. Thus, the Trial Court did not err in finding and holding that National Bank did not have standing to raise a statute of frauds defense to TVPOA's Option.

The Trial Court found and held that TVPOA's Option had legal priority over National Bank's subsequently recorded Deed of Trust and Second Deed of Trust. There is no genuine dispute of material fact, and as TVPOA was entitled to summary judgment on the issue of whether its Option had legal priority over National Bank's subsequently recorded Deed of Trust and Second Deed of Trust, the Trial Court did not err in granting TVPOA partial summary judgment on this issue.

Finally, we consider whether the Trial Court erred in granting TVPOA's motion in limine with respect to National Bank's claim for unjust enrichment. National Bank argues in its brief on appeal that the Trial Court's granting TVPOA's motion in limine amounted to a grant of summary judgment. We disagree. The manner in which this issue came to be before the Trial Court, as discussed more fully above, shows that the issue was properly before the Trial Court on a motion in limine. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Sanford v. Waugh & Company, Inc.*, 328 S.W.3d 836, 847 (Tenn. 2010).

When ruling on the motion in limine, the Trial Court noted that National Bank, in essence, was attempting to seek equitable relief to allow them to do what they could not do directly, i.e., compel TVPOA to pay more than required under the Option. We agree with this assessment. "It is a well settled principle of law that one cannot do indirectly what cannot be done directly." *Bennett v. Visa U.S.A., Inc.*, 198 S.W.3d 747, 752 (Tenn. Ct. App. 2006) (quoting *Haynes v. City of Pigeon Forge*, 883 S.W.2d 619, 622 (Tenn. Ct. App. 1994)).

Additionally, after a careful and thorough review of the record, we find no abuse of discretion in the Trial Court's decision to exclude evidence of National Bank's unjust enrichment claim. National Bank's offer of proof showed that National Bank could not satisfy the elements of an unjust enrichment claim. As our Supreme Court has instructed:

> The elements of an unjust enrichment claim are: 1) "[a] benefit conferred upon the defendant by the plaintiff"; 2) "appreciation by the defendant of such benefit"; and 3) "acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof."

*Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (quoting *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966)).

National Bank made an offer of proof by stating that it intended to produce evidence in the form of testimony of a Senior Vice President of National Bank who would testify about the amount of the loan from National Bank to the Developer Company and the fact that "those loan proceeds were specifically used for construction of infrastructure, utilities, roads, grading on the project."[4] Even if the Trial Court had allowed National Bank to produce this proffered evidence, such evidence fails to show that National Bank conferred any benefit upon TVPOA. The fact that National Bank loaned money to the Developer Company does not show that National Bank conferred any benefit whatsoever upon TVPOA. The benefit conferred by National Bank was to the Developer Company and not to TVPOA[5]. As such, National Bank could not prove unjust enrichment. Pursuant to Tenn. R. Evid. 403, "evidence may be excluded if its probative value is substantially outweighed by …

---

[4]National Bank also stated that it would produce proof in the form of testimony of its expert appraiser who would testify about the value of the property. As already noted in this Opinion, the Trial Court excluded the testimony of this previously undisclosed expert, and National Bank did not appeal this ruling.

[5]As this is dispositive of the unjust enrichment issue, we need not discuss other possible barriers to National Bank's unjust enrichment claim.

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Tenn. R. Evid. 403. Given all this, we find that the Trial Court did not abuse its discretion in excluding evidence of National Bank's unjust enrichment claim.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, NBN Corporation d/b/a National Bank of Tennessee, and its surety.

_____
D. MICHAEL SWINEY, JUDGE