## O. H. MAY CO. *v.* S. M. ANDERSON.*

## (*Knoxville.* September Term, 1927.)

Opinion filed, December 3, 1927.

1. SMALL LOAN ACT. CONSTRUCTION OF STATUTES. LEGISLATIVE INTENT.

It is a rule of construction that where irreconcilable conflicts appear in a statute the last provision controls, but the object of rules of construction is to discover the legislative intention and inconsistent or repugnant provisions are to be reconciled. (Post, p. 219.)

Citing: Acts of 1917, chapter 62; Board of Commissioners v. Nashville, 134 Tenn. (7 Thomp.), 631.

2. LEGISLATIVE ACTS. CONSTRUCTION. POWER OF THE LEGISLATURE. POWER OF THE COURT.

The power of punishment rests in the Legislature and not in the judicial department, and arbitrary rules of construction should never lead to a result contrary to the intention to be reasonably drawn from the words and context of the Act. (Post, p. 219.)

3. LEGISLATIVE ACTS. CONSTRUCTION.

When a literal construction of a section of a legislative act will render it repugnant to the provisions of a subsequent section, they shall be construed, if possible, so as to let both be operative and give effect to every part of the Act. (Post, p. 219.)

Citing: Wilcox v. State, 50 Tenn. (3 Heisk.), 110; Levy v. Davis, 125 Tenn. (17 Cates), 348.

4. LEGISLATIVE ACTS. CONSTRUCTION. FORFEITURE.

Forfeitures not being favored by law, penalty provided in the Small Loan Act being so drastic, it cannot be assumed that such a provision shall work a forfeiture for mere inadvertence or error. (Post, p. 220.)

Citing: State v. Turnpike Co., 131 Tenn. (4 Thomp.), 609; Sections 14 and 10, Chapter 62, Acts of 1917.

5. SMALL LOAN LAW. LEGISLATIVE INTENT. CONSTRUCTION.

The Legislature evidently intended to penalize the willful violation of the Act; because a failure to observe them would result in

depriving the borrower of an opportunity to establish an unlawful charge, and have it applied as a payment on the principal as provided thereunder. (Post, p. 220.)

Citing: Acts 1917, chapter 62, secs. 6, 7, 8, 9, 10.

6. LEGISLATIVE ACTS. CONSTRUCTION. LEGISLATIVE INTENT.

The conclusions drawn from the Small Loan Act as a whole negative the intention to exact the penalty therein provided, except for willful violation of its provisions. (Post, p. 220.)

Citing: Acts of 1917, chapter 62, secs. 6, 7, 8, 9.

7. ACT OF LEGISLATURE. FORFEITURES. REPEAL.

Since a penalty never vests but remains executory, the repeal of an Act under which a penalty is invoked is not within the saving of the Code, and a forfeiture could not be enforced after the repeal of the Act. . (Post, p. 221.)

Citing: Shannon's Code (1917 Ed.) section 61; Acts of 1917, chapter 62; Acts of 1925, chapter 153; State v. Dixie Finance Co., 152 Tenn. (25 Thomp.), 316; 21 R. C. L., p. 210, sec. 5; 36 Cyc. 1229.

---

*Headnotes 1. Statutes, 36 Cyc., p. 1130; 2. Statutes, 36 Cyc., p. 1106; 3. Statutes, 36 Cyc., p. 1129; 4. Fines, Forfeitures and Penalties, 25 C. J., section 51; Statutes, 36 Cyc., p. 1183; 5. Statutes, 36 Cyc., 6. 1102 (Anno); 6. Statutes, 36 Cyc., p. 1128; 7. Equity, 21 C. J., section 76; Fines, Forfeitures and Penalties, 25 C. J., section 51 (Anno); 8. Pawnbrokers, 30 Cyc., p. 1170; 9. Pawnbrokers, 30 Cyc., p. 1165; 10. Constitutional Law, 12 C. J., section 556; Statutes, 36 Cyc., p. 1229; 11. Fines, Forfeitures and Penalties, 25 C. J., section 52; Pawnbrokers, 30 Cyc., p. 1170.

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County.—HON. A. C. GRIMM, Judge.

HOBART ATKINS, CHILD & AILOR and BERN HENRY, for plaintiff in error.

FRED McMILLAN, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

O. H. May Company operating under the small loan law, Chapter 62, Acts of 1917, made two loans to S. M. Anderson, the first December 4, 1923, for $75 and the second February 6, 1924, for $75. The notes bearing interest at six per cent per annum, each payable thirty days from date, and each secured by chattel mortgage were executed. Anderson agreed to pay in addition to interest at six per cent per annum the fee of two per cent upon the original loan and two per cent upon each renewal for investigating the security and closing the loan as provided in Section 9 of the Act. He renewed the notes each thirty days and paid the interest and fees until August 15, 1925, when he failed or refused to renew or pay.

October 24, 1925, the plaintiff sued for the balance due on the two loans of $152.22, and for the ten per cent Attorneys' fees provided for in the notes. Judgment was rendered by the Justice of the Peace, and upon appeal to the Circuit Court the suit was dismissed upon the ground that the principal was forfeited by the plaintiff because of excessive charges. The Court of Appeals affirmed the judgment and the cause is here upon *certiorari*.

The Court of Appeals found that through the period of the loan, May Company charged twenty-nine cents a month, or a total of $7.74 in excess of the interest and fees authorized by Section 9, and declared a forfeiture to the borrower under Section 14 of the Act, Chapter 62, Acts of 1917. O. H. May, manager of the company, testified that when suit was brought the overcharge was discovered and Anderson given credit for it.

Section 10 of the Act of 1917 provides:

"Be it further enacted, That any interest charged by the lender to the borrower in excess of six per cent per

annum or any fee, fine or charge whatsoever charged by the lender against the borrower whether for negotiating a loan or for commissions, examinations, attorneys' fees, or any other bonus or additional charge whatsoever to those allowed in Section 9 of this Act shall be considered as a payment on the principal of such loan and the said loan shall be credited with the amount of such additional charge or excess.''

The Court of Appeals held that this provision was rendered nugatory by a subsequent provision, Section 14, which is as follows:

''Be it further enacted, That if any licensee, licensed under this Act shall violate any of the provisions of Sections 6, 7, 8 and 9 of this Act or shall charge for the making of any loan any rate of interest in excess of six per cent (6%) per annum, or any fee or bonus in excess of those provided in this Act said licensee shall forfeit to the borrower in each and every such case, the principal sum loaned and all fees and interest charged and collected and the license under which said business is conducted shall become *ipso facto* void.''

*(1)* It is a rule of construction that when irreconcilable conflict appears in a Statute the last provision controls (*Board of Commissioners* v. *Nashville,* 134 Tenn., 631), but the object of rules of construction is to discover the legislative intention and inconsistent or repugnant provisions are to be reconciled. *(2)* The power of punishment rests in the legislative, not the Judicial Department, and arbitrary rules of construction ought never lead to a result contrary to an intention to be reasonably drawn from the words and context of the Act, with the result of imposing a penalty and working a forfeiture not intended by the Legislature.

*(3)* When rules of statutory construction are invoked as aids, all of them should be considered, and first that

which looks to the intention of the lawmakers. Out of this rule arises another which holds that when a literal construction of a section will render it repugnant to the provisions of a subsequent section they shall be considered, if possible, so as to let both be operative and give effect to every part of the Statute. *Wilcox* v. *State,* 3 Heisk., 110; *Levy* v. *Davis,* 125 Tenn., 348.

*(4)* The apparent object sought to be accomplished by Section 14 was to enforce the performance of those duties imposed on small loan companies by Sections 6, 7, 8 and 9. In order to compel observance of those provisions of the Statute a forfeiture of the loan and of the right to do business was declared, but forfeitures are not favored. *State* v. *Turnpike Co.,* 131 Tenn., 609. The penalty imposed by Section 14 is so drastic that it cannot be assumed, in view of the legislative declaration in Section 10, that the penalty shall work a forfeiture for mere inadvertence or error in entering debits and credits on the books which these companies are required to keep.

*(5)* The Legislature evidently intended to penalize the wilful violation of the four sections referred to, because a failure to observe them would result in depriving the borrower of an opportunity to establish an unlawful charge, and have it applied as a payment on the principal as provided in Section 10 of the Act.

*(6)* The conclusion to be drawn from the Act, considered as a whole, negatives the intention to exact the penalty except for wilful violation of its provisions. It does not appear that May Company wilfully failed to observe the provisions of Sections 6, 7, 8, and 9, intended to enable the borrower or his representative to investigate charges violative of the Act. It appears that when May Company discovered the erroneous charge upon its books the error was corrected in defendant's favor

and voluntarily credited to his account. *(7)* Beyond this, the right to exact the penalty is not within the saving of Section 61, Shannon's Code, because it was not vested when the right of forfeiture was asserted. Chapter 62, Acts of 1917, under which the penalty is invoked, was repealed before this suit was commenced by Chapter 153, Acts of 1925. *State* v. *Dixie Finance Co.,* 152 Tenn., 316,

A repealed Statute affording a remedy through forfeiture can not be acted upon after repeal in the absence of a saving provision. A mere penalty never vests but remains executory. The right to the forfeiture under Chapter 62, Acts of 1917, could not, therefore, be enforced after repeal of that Act. 21 R. C. L., p. 210, Sec. 5, 36 Cyc. 1229.

Section 61, Shannon's Code, does not save the remedy because the suit in which enforcement is sought was not commenced until after the Act was repealed. Chapter 153, Acts of 1925, under which plaintiff qualified and operated prior to commencement of the suit contains no provision similar to Section 14 of the Act of 1917.

It follows that the judgment must be reversed and judgment entered here for $152.22, interest from October 24, 1925, and ten per cent Attorneys' fees agreed on in the contract.