**BIBLE AND GODWIN CONSTRUCTION COMPANY, INC., Appellee-Complainant,**

v.

**FAENER CORPORATION and Aetna Casualty and Surety Company, Appellants-Defendants.**

Supreme Court of Tennessee.

Jan. 7, 1974.

John P. Davis, Jr., Knoxville, for appellants-defendants; Hodges, Doughty & Carson, Knoxville, of counsel.

F. Chris Cawood, Eblen & Eblen, Kingston, for appellee-complainant.

OPINION

DYER, Chief Justice.

Faener Corporation and its insurance carrier, Aetna Casualty & Surety Company (referred to in this opinion as defendants), by leave of the chancellor, appeal from the action of the chancellor in overruling their demurrer filed in answer to the bill filed against them on May 22, 1970, by Bible &

Godwin Construction Company (referred to in this opinion as complainant), which bill sought reimbursement either by way of damages for breach of contract, indemnity or contribution.

On May 8, 1968, complainant entered into a contract with Brooks Furniture Manufacturing Company (referred to in this opinion as Brooks), whereby complainant was to construct an addition to the Brooks plant. On May 16, 1968, complainant entered into a contract with defendant, Faener Corporation, whereby certain of the work under the Brooks contract was subcontracted to Faener Corporation. On August 10, 1968, Faener Corporation, under its subcontract, was welding the roof on the new addition to the old plant at a point near a paint spray room when the Brooks plant caught fire causing extensive damage.

As a result of this fire Brooks filed suit in the Circuit Court of Claiborne County against both complainant and Faener Corporation for damages based upon the negligent performance of their contacts. Upon the trial the jury returned a verdict against complainant, the judgment entered being in the amount of $20,409.79, including interest and costs, which judgment has been paid. The jury found in favor of Faener Corporation and a judgment was so entered.

In the case sub judice filed to recover the $20,409.79, paid by complainant, it is stated in complainant's brief that the only issue here on appeal is as follows:

Appellee is of the opinion that the determinative issue for the Court is the question of whether or not a jury verdict in a prior tort case against a prime contractor and relieving a subcontractor precludes a subsequent action by the prime contractor against the subcontractor for indemnity based on their contract relationship.

In making this statement complainant admits it has abandoned any claim upon the theory there was an agreement among counsel at the trial in the Circuit Court which would constitute a contract or any claim for contribution. We accept this statement and will consider only the claim made by the complainant upon defendants for indemnity.

Defendants allege error in the failure of the chancellor to hold the claim for indemnity was barred by T.C.A. § 23–3104(f), which statute is as follows:

The judgment of a court in determining the liability of the several defendants to a claimant for an injury or wrongful death after trial on the merits, shall be binding among such defendants in determining their right to contribution or indemnity, except where a claimant commenced an action for injury or wrongful death prior to the effective date of this chapter.

The thrust of this argument is that since the liability of both parties has been determined after a trial on the merits in the Circuit Court where Faener Corporation was found to have no liability in this matter, then under T.C.A. § 23–3104(f) complainant is barred from recovering either contribution or indemnity.

This statute is a part of Chapter 575, Public Acts of 1968, designated as the "Uniform Contribution Among Tort-Feasors Act," now codified in T.C.A. as §§ 23–3101 to 23–3106.

■ In construing T.C.A. § 23–3104(f), which is a part of Chapter 575, enacted by the Legislature as one Act, we examine the entire Act with a view to arrive at the true intention of each section and the effect to be given, if possible, to the entire Act and every section thereof. Where different sections are apparently in conflict we must harmonize them, if practicable, and lean in favor of a construction which will render every word operative. Tenn. Electric Power Co. v. Chattanooga, 172 Tenn. 505, 114 S.W.2d 441 (1937); Tiger Creek Bus Line v. Tiger Creek Transport, 187 Tenn. 654, 216 S.W.2d 348 (1948); Williams v.

Thomas Jefferson Ins. Co., 215 Tenn. 356, 385 S.W.2d 908 (1965).

Under this rule of statutory construction, in construing T.C.A. § 23–3104(f), as applied to the facts of this case, it is necessary to consider T.C.A. § 23–3102(f), a part of Chapter 575, which reads as follows:

This chapter does not impair any right of indemnity under existing law. Where one tort-feasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of his indemnity obligation.

The language of T.C.A. § 23–3102(f) is clear and in no wise ambiguous. Under the plain language of this statute Chapter 575 would have no application to the rights of action for indemnity existing at the time of the enactment of Chapter 575. Rights of action for indemnity did exist in this state at the time of the enactment of Chapter 575, and the general principles upon which such actions are founded is stated in Southern Coal & Coke Co., Inc. v. Beech Grove Mining Co., Inc., 53 Tenn. App. 108, 381 S.W.2d 299 (1963). Such being the case there is an apparent conflict between the language of T.C.A. § 23–3102(f) and the language of T.C.A. § 23–3104(f).

■ When there is an irreconcilable conflict between statutes we have to rely on an established rule of statutory construction; that is, where there is such conflict between two sections of a statute the one last mentioned will control. Southern Railway v. Grigsby, 155 Tenn. 285, 292 S. W. 3 (1927); May Co. v. Anderson, 156 Tenn. 216, 300 S.W. 12 (1927); Woodroof v. City of Nashville, 183 Tenn. 483, 192 S. W.2d 1013 (1946). In the conflict between these statutes T.C.A. § 23–3104(f) is the last mentioned statute.

In Watts v. Memphis Transit Management Co., 224 Tenn. 721, 462 S.W.2d 495 (1971), we noted where there had been a trial on the merits against two or more tort-feasor defendants the judgment in such a case, by virtue of T.C.A. § 23–3104(f), invokes a res judicata effect as to rights existing between the several tort-feasor defendants.

■ Since in the Circuit Court of Claiborne County the liability of complainant and defendants as co-defendants in the Circuit Court case has been determined after a trial on the merits, then T.C.A. § 23–3104(f) is applicable in regard to claim of complainant against defendants for indemnity. The judgment of the Circuit Court of Claiborne County that Faener Corporation had no liability in this matter is a bar to complainant's claim for indemnity based upon the theory of active-passive negligence inasmuch as the issue of negligence was litigated in the Circuit Court action. This construction of T.C.A. § 23–3104(f) makes operative another section of Chapter 575, being T.C.A. § 23–3103(a), which reads as follows:

. . . their relative degrees of fault shall not be considered.

The claim here for indemnity is based upon the contract relationship of the parties, an issue not litigated in the Circuit Court for Claiborne County and complainant is not barred from claiming indemnity on this theory by the language of T.C.A. § 23–3104(f).

Complainant makes certain allegations as to a claim for indemnity based on the contract relationship of the parties which, the case being here on demurrer, we accept.

The judgment of the chancellor is affirmed and the cause remanded for proceedings consistent with this opinion.

McCANLESS and FONES, JJ., and JENKINS and LEECH, Special Justices, concur.