IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 19, 2010 Session

## DONNA ROWLAND v. RISHI K. SAXENA, M.D.

**Appeal from the Chancery Court for Rutherford County**
**No. 09-0718CV    Larry B. Stanley, Jr., Chancellor**

**No. M2010-00640-COA-R3-CV - Filed January 31, 2011**

State representative appeals dismissal of her suit to recover attorney fees incurred as a result of her former opponent's contest of the election. The trial court held that the Tennessee Constitution and statutes governing election contests vest exclusive jurisdiction to decide contests for the office of state representative, and that, consequently, the court was without jurisdiction to determine the issue of costs and fees awardable under the statute. We hold that the chancery court correctly determined that it was without jurisdiction to decide issues arising under § 2-17-115.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

John L. Ryder and Ashley Austin Martin, Memphis, Tennessee, for the appellant, Donna Rowland.

Paul W. Ambrosius and W. Justin Adams, Nashville, Tennessee, for the appellee, Rishi K. Saxena, M.D.

### OPINION

In this case we are called upon to determine whether Tenn. Code Ann. § 2-17-115 allows a chancery court to entertain an action solely to recover counsel fees and costs incurred in an election contest for a seat in the Tennessee House of Representatives.

## I. Introduction

The facts relevant to this appeal are not disputed. Rishi Saxena ran against Donna Rowland for election to the Tennessee House of Representatives for the 34th District, located in Rutherford County. On November 4, 2008 Rep. Rowland defeated Dr. Saxena by a margin of 11,650 votes, and the election was certified by the Secretary of State.

On November 14, 2008, Dr. Saxena sent a letter to the Chief Clerk of the House of Representatives, challenging the validity of the election result. Specifically, Dr. Saxena charged that Rep. Rowland was not a qualified voter of District 34 because she lived in another district. Dr. Saxena also noted what he characterized as irregularities in information and voter list disks provided by the Rutherford County Election Commission. Rep. Rowland responded by sending a letter to House Speaker Jimmy Naifeh, in which she included her voter registration card, utilities statement, and lease agreement, all of which she asserted verified her residency in the 34th District.[1]

On January 13, 2009, Rep. Rowland was provisionally seated as Representative for the 34th House District, pending action by the House to resolve the election challenge. On March 16 a committee of the House of Representatives was formed to hear the contest and make a report to the entire House; the hearing was held April 20. After Dr. Saxena presented his case-in-chief, the committee members voted unanimously to recommend to the House of Representatives that the challenge be dismissed. An amendment to include a finding that the complaint was frivolous was adopted unanimously; a second proposed amendment to find that the complaint was "malicious in nature" failed. The findings of the committee in its report were:

> 1. Rep. Rowland is a resident of District 34; her residence was, and is, 237 Faldo Dr., Murfreesboro, TN 37128.
> 2. Dr. Saxena failed to present a sufficient quantum of proof to indicate either:
> (A) That the number of illegal ballots cast, if any, equaled or exceeded the difference between the two candidates, or
> (B) That fraud or illegality so permeated the conduct of this election as to render it uncurably uncertain.
> 3. Dr. Saxena's complaint, being based on deficient reasoning and evidence, was frivolous in nature.

---

[1] At the time Rep. Rowland filed her qualifying petition for the 2008 election, she resided at 5858 Franklin Road in Murfreesboro. In June 2008, following her divorce, she moved to 237 Faldo Drive in Murfreesboro.

The committee's recommendations to the House of Representatives were:

> 1. That the complaint filed by Rishi K. Saxena with respect to the thirty-fourth representative district be dismissed.
> 2. That Representative Donna Rowland's "provisional" status be lifted.
> 3. That Representative Rowland be seated as all other members of the House of Representatives of the 106th General Assembly are seated.

On April 27, the House of Representatives voted to approve the committee report.

On May 18, 2009, Rep. Rowland filed suit against Dr. Saxena in Rutherford County Chancery Court seeking an award of attorney fees, asserting Tenn. Code Ann. § 2-17-115[2] as the jurisdictional basis therefor. Dr. Saxena filed a Tenn. R. Civ. P. 12.02 motion to dismiss, contending that the court lacked subject matter jurisdiction; that the complaint failed to state a claim upon which relief could be granted; that sole jurisdiction over Rep. Rowland's claims was vested in the Tennessee House of Representatives under Tenn. Code Ann. § 2-17-102; and that the claims were barred by the First Amendment to the United States Constitution and Art. 1, § 19 of the Tennessee Constitution. Rep. Rowland filed a motion for summary judgment, supported by her affidavit, exhibits from the proceeding in the House of Representatives, and a statement of undisputed material facts.

The court granted Dr. Saxena's motion to dismiss, holding that Art. 2, § 11 of the Tennessee Constitution and Tenn. Code Ann. § 2-17-102 conferred sole jurisdiction on the General Assembly to decide election contests in the State House and State Senate, and that the body deciding the election contest should decide the issue of attorney's fees. The court reasoned that Tenn. Code Ann. § 2-17-115 did not create an independent cause of action for attorney's fees and, consequently, it did not have jurisdiction to determine the issue.

---

[2] Tenn. Code Ann. § 2-17-115 provides:

Costs and a reasonable attorney's fee shall be assessed against the contestant or the appellant if the contest or the appeal is maliciously or frivolously prosecuted.

Rep. Rowland appeals, contending that the Chancery Court has subject matter jurisdiction and requesting that the case be remanded for a determination of the amount of fees to be awarded. Dr. Saxena raises two additional issues if we determine that the Chancery Court has jurisdiction of Rep. Rowland's complaint: (1) whether the House of Representatives' failure to award Rep. Rowland her fees is *res judicata* on the court's ability to consider her request for fees; and (2) whether the complaint and this appeal present a non-justiciable political question entrusted to the House of Representatives.

## II. Standard of Review

The trial court determined, as a matter of law, that it did not have subject matter jurisdiction of the request for fees because the action arose out of an election contest for which our constitution and statutes vest exclusive jurisdiction in the House of Representatives.[3] Construction of a statute is a question of law which we review *de novo*, without a presumption of correctness of the trial court's findings. *Barge v. Sadler*, 70 S.W.3d 683, 686 (Tenn. 2002); *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000); *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 802 (Tenn. 2000); *Exxonmobil Oil Corp. v. Metro Gov't of Nashville and Davidson County*, 246 S.W.3d 31, 35 (Tenn. Ct. App. 2005).

## III. Discussion

The primary rule of statutory construction is "to ascertain and give effect to the intention and purpose of the legislature." *LensCrafters, Inc., v. Sundquist*, 33 S.W.3d 772, 777 (Tenn. 2000) (citing *Worrall v. Kroger*, 545 S.W.2d 736 (Tenn. 1977). To determine legislative intent, we must look to the natural and ordinary meaning of the language used in the statute itself and examine any provision within the context of the entire statute and in light of its over-arching purpose and the goals it serves. *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000); *Cohen v. Cohen*, 937 S.W.2d 823, 828 (Tenn. 1996); *Exxonmobil*, 246 S.W.3d at 35; *T.R. Mills Contractors, Inc. v. WRH Enterprises, LLC*, 93 S.W.3d 861, 867

---

[3] The court heard Dr. Saxena's motion to dismiss and Rep. Rowland's motion for summary judgment at the same time; the order dismissing the case recited that the court considered "statements of counsel, the memoranda of laws submitted and the entire case record as a whole." In ruling on the motion to dismiss, the court was obliged to take the allegations of the complaint as true. *See Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *see also Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696–97 (Tenn. 2002). In support of her motion for summary judgment Rep. Rowland filed a Statement of Undisputed Material Facts; Dr. Saxena responded by stating that the factual allegations contained in the Statement were undisputed for purposes of ruling on the motion. Neither party asserts on appeal that there is any issue of fact for trial or that the trial court's determination of the facts is in any way deficient or erroneous.

(Tenn. Ct. App. 2002). The statute should be read "without any forced or subtle construction which would extend or limit its meaning." *Nat'l Gas Distributors, Inc. v. State*, 804 S.W.2d 66, 67 (Tenn. 1991). As our Supreme Court has said, "[w]e must seek a reasonable construction in light of the purposes, objectives, and spirit of the statute based on good sound reasoning." *State v. Turner*, 913 S.W.2d 158, 160 (Tenn. 1995).

When construing statutes that are part of a statutory scheme, we are also directed to look to the context of the particular provision. Our Supreme Court has made the following observation:

> When statutory provisions are, as in this case, enacted as part of a larger Act, "we examine the entire Act with a view to arrive at the true intention of each section and the effect to be given, if possible, to the entire Act and every section thereof. Where different sections are apparently in conflict we must harmonize them, if practicable, and lean in favor of a construction which will render every word operative."

*Hill*, 31 S.W.3d at 238 (quoting *Bible & Godwin Constr. Co. v. Faener Corp.*, 504 S.W.2d 370, 371 (Tenn. 1974)).

Statutory provisions for contesting the results of elections are contained at Chapter 17 of Title 2 of the Tennessee Code. *See* Tenn. Code Ann. §§ 2-17-101–117. Tenn. Code Ann. § 2-17-101(a) vests jurisdiction to try election contests in chancery court "except as otherwise expressly provided in this chapter." Tenn. Code Ann. § 2-17-102 provides that "contests for the office of representative in the general assembly are decided by the house of representatives."[4] Tenn. Code Ann. § 2-17-103 vests contests for the election of presidential and vice-presidential electors in the "presidential electors tribunal," composed of the governor, secretary of state, and attorney general and reporter. Tenn. Code Ann. § 2-17-104 commits contests of primary elections to the political party of the candidate. Tenn. Code Ann. §§ 2-17-105–110 set out procedures to be applied and evidence to be received in an election contest. Tenn. Code Ann. §§ 2-17-111–115 pertain to powers and responsibilities given the court or other tribunal which is deciding the contest. Tenn. Code Ann. § 2-17-117 details the circumstances under which the "court, primary board, legislative body or tribunal having jurisdiction of an election contest" may order a recount and the manner by which the recount is to be conducted.

---

[4] This statute implements Art. II, § 11 of the Tennessee Constitution, which provides that the house of representatives is "judge[] of the qualifications and election of its members. . . ."

In its entirety, Chapter 17 limits the jurisdiction of chancery court to hear and decide issues in election contests that are not specifically committed to other tribunals ("otherwise expressly provided") in the chapter. There is nothing in the chapter to indicate that the tribunal which has been designated in the statute to hear and decide the contest—here, the House of Representatives—does not have the authority and responsibility to resolve all matters involved in the contest, including making an award of fees pursuant to Tenn. Code Ann. § 2-17-115. Such authority and responsibility is consistent with the unique ability of the tribunal hearing the contest to make the prerequisite finding that the contest or appeal was maliciously or frivolously prosecuted in order to award fees.

The report of the committee hearing Dr. Saxena's challenge did not recommend an award of fees and, indeed, made no mention of Rep. Rowland's request to the committee that fees be awarded. The only references in the record to Rep. Rowland's request are in the brief she filed in the House of Representatives and in the affidavit she filed in support of her motion for summary judgment wherein she states:

> 19. At the hearing on Defendant Saxena's election contest, through my attorney, I requested the Committee order Defendant Saxena to reimburse me for my attorney fees, pursuant to TCA § 2-17-102. Doug Himes, attorney for the Committee advised that he had reviewed the statutes, the Tennessee Constitution and conferred with the Attorney General's office regarding the issue of attorney fees. Based upon the comments of Mr. Himes, the committee found that they did not have the authority to award statutory attorney fees.

We fail to discern the basis of the determination that the committee did not have authority to consider Rep. Rowland's request for attorney fees and to include such recommendation as it felt appropriate in its report to the entire House of Representatives.[5] As noted previously, the Tennessee Constitution vests exclusive jurisdiction to determine the qualification of members of the House of Representatives in the House. Tenn. Code Ann. §§ 2-17-101–117 are statutes that guide the conduct of election contests in whatever tribunal the contest is being conducted. Just as, for example, the Legislature has determined in § 2-17-109 that poll books, voter lists and ballot applications can be used as evidence in an election contest in whatever tribunal the contest is held, the Legislature determined in Tenn. Code Ann. § 2-17-115 that attorneys fees and costs can be awarded by that tribunal. Thus,

---

[5] We have reviewed what is represented in the record to be the transcript of the committee's discussion with Mr. Himes wherein he states in conclusory fashion: "Tenn. Code Ann. 2-17-115 applies to judicial, judicially contested elections in chancery and appellate courts. It does not apply to the General Assembly. It does not grant committees of the General Assembly authority to award attorney's fees."

while § 2-17-115 does not create a separate cause of action to recover fees, it does constitute the statutory basis upon which the tribunal makes such an award.[6]

Dr. Saxena contends that, if this court determines that the chancery court has subject matter jurisdiction, then the decision of the House of Representatives not to award Rep. Rowland fees is *res judicata* and precludes this court from considering the request. In light of our finding that the House of Representatives has the authority to consider Rep. Rowland's request, this issue is moot. There is no *res judicata* effect to the House's action and Rep. Rowland is free to renew her request.[7]

Our resolution of this case on statutory grounds renders unnecessary our consideration of the constitutional questions presented. *See Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995) (". . . under Tennessee law, courts do not decide constitutional questions unless resolution is absolutely necessary for determination of the case and the rights of the parties.")

## IV. Conclusion

For the foregoing reasons, the judgment of the Chancery Court is AFFIRMED.

---

RICHARD H. DINKINS, JUDGE

---

[6] The chancery court would have jurisdiction in the event it became necessary to file suit to collect the award as in any other action to collect a debt.

[7] *Res judicata* is a claim preclusion doctrine. *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987). In order for the doctrine to apply, the prior judgment must have been final and concluded the rights of the parties on the merits. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995).