# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 10, 2013 Session

## CONNIE REGULI v. JAMES VICK, LELA HOLLABAUGH, AND TENNESSEE BOARD OF PROFESSIONAL RESPONSIBILITY

**Appeal from the Chancery Court for Davidson County**
**No. 121583III    Ellen H. Lyle, Judge**

---

**No. M2012-02709-COA-R3-CV - Filed November 7, 2013**

---

Attorney filed petition pursuant to the Public Records Act for disclosure of documents held by the Tennessee Board of Professional Responsibility, the Board's Chair, and Disciplinary Counsel to the Board relating to eight disciplinary proceedings. Access to the documents had been withheld based on a claim that the documents were exempt from disclosure in accordance with Tenn. Sup. Ct. R. 9, § 25.3. Responding officials appeal the trial court's order that the documents be produced. Finding that the documents sought were confidential and privileged from disclosure, we reverse the judgment and remand with instructions to dismiss the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., joined. ANDY D. BENNETT, J., not participating.

Janet M. Kleinfelter, Nashville, Tennessee, for the appellants, James A. Vick, Lela M. Hollabaugh, and the Tennessee Board of Professional Responsibility.

Janet L. Layman and James Daniel Richardson Roberts, Nashville, Tennessee, for the appellee, Connie Reguli.

# OPINION[1]

## I. FACTS AND PROCEDURAL HISTORY

This appeal arises from a petition filed by Attorney Connie Reguli against the Board of Professional Responsibility of the Supreme Court of Tennessee ("the Board"), Lela Hollabaugh, Chair of the Board, and James Vick, Interim Chief Disciplinary Counsel for the Board (collectively, "Defendants"), pursuant to Tennessee's Public Records Act, Tenn. Code Ann. § 10-7-503, seeking the production of documents relating to disciplinary proceedings against eight lawyers, including herself.

On September 19, 2012 Ms. Reguli sent a records request and a letter to Ms. Hollabaugh requesting documents and records relative to the Board's compliance with Tenn. Sup. Ct. R. 9, § 8.2[2] in its selection of hearing committee members, communication with those members during the selection process, and email communications regarding the petition filed against Ms. Reguli. Ms. Hollabaugh denied Ms. Reguli's request, stating that the records could not be provided either because they did not exist or because they were confidential under Tenn. Sup. Ct. R. 9, § 25.3.

Ms. Reguli submitted a request to the Board on September 25, 2012, for production of email communications between Rita Webb, Executive Secretary of the Board, and members of and attorneys for the Board regarding the cases. Mr. Vick sent Ms. Reguli some materials responsive to her request on October 12. Ms. Reguli responded by letter, noting that certain information was missing and that redactions had been made on some of the information which was provided; she requested that Mr. Vick replace the redacted pages and provide the missing pages. Mr. Vick replied by letter, stating that the documents were not produced or information redacted because "the search which was performed . . . produced many documents which did not fall within your request or were 'confidential and privileged and shall not be public records' as provided in Supreme Court Rule 9, Sec. 25.3."

On October 24, 2012, Ms. Reguli filed a second request with the Board. Mr. Vick produced some of the requested records, accompanied by a letter again advising Ms. Reguli

---

[1] In this appeal, we are called upon to construe and apply certain provisions of Rule 9 of the Supreme Court of Tennessee; the Court revised the rule on August 30, 2013, with the changes to take effect on January 1, 2014. The changes have no bearing on our resolution of the issues in this case.

[2] Tenn. Sup. Ct. R. 9, § 8.2 governs formal disciplinary hearings and sets forth a procedure to be used by the Board's chair in assigning members of the hearing panel.

that the Board did not possess some of the records and asserting that others were not being produced or redactions made pursuant to Tenn. Sup. Ct. R. 9, Sec. 25.3.

On November 5, 2012, Ms. Reguli filed a petition in Davidson County Chancery Court pursuant to the Public Records Act seeking access to documents she requested on September 19 and September 25; she filed a supplemental petition on November 7 seeking access to documents she requested on October 24. Defendants filed a response stating that the records sought by Ms. Reguli in the first two requests were confidential and privileged pursuant to Tenn. Sup. Ct. R. 9, § 25.3 and that the supplemental petition failed to state a claim because there had not been a denial of the October 24 request.[3] Pursuant to Tenn. Code Ann. § 10-7-505(b) the trial court held a show cause hearing on November 15 and, after the hearing, ordered that the records Ms. Reguli sought be submitted under seal for an *in camera* review.

On November 28 the trial court entered an order holding that the records in the September 19 and September 25 requests did not fit within the confidentiality exception at Tenn. Sup. Ct. R. 9, § 25.3; the court ordered that the communications be produced.[4] With regard to the documents which had been filed for *in camera* inspection, the court ordered Defendants to produce the records which were labeled "confidential" and to reevaluate the records labeled "non-responsive" in light of the court's order and to produce those qualifying for production. The court denied Ms. Reguli's request for counsel fees, holding that Defendants' refusal to produce the records did not constitute a knowing and wilful violation of the Act. Defendants filed a motion to stay the court's order of November 28 pending their appeal, pursuant to Tenn. R. Civ. P. 62.06 and Tenn. Code Ann. § 10-7-505 (e), which the trial court granted. Subsequently, Ms. Reguli filed a motion to lift the stay, which was denied.

---

[3] In an order entered November 28 the trial court held that the petition to order the production of the documents requested on October 24 was premature because the period set forth in the statute for Defendants to respond had not expired; Ms. Reguli does not appeal that ruling.

[4] In the September 19 request to Ms. Hollabaugh, in addition to email communications between Ms. Hollabaugh and Ms. Webb, committee members and Disciplinary Counsel, Ms. Reguli requested records pertaining to "how you put the district committee members in rotation and how you communicate with them in the selection process." The trial court determined that the portion of the request relative to Ms. Hollabaugh's selection of committee members was not sufficiently detailed as required by Tenn. Code Ann. § 10-7-503(a)(7)(B) and, consequently, did not have to be produced. Ms. Reguli does not appeal that ruling.

Defendants appeal, contending that the trial court erred in granting Ms. Reguli access to the documents[5]; Ms. Reguli appeals the denial of her request for attorneys fees.

## II. DISCUSSION

The Public Records Act governs access to records of governmental agencies in Tennessee; Tenn. Code Ann. § 10-7-503(a)(2)(A) provides that state, county and municipal records "shall . . . be open for personal inspection by any citizen of this state . . . unless otherwise provided by state law." The question presented in this case is whether either of the confidentiality provisions at Tenn. Sup. Ct. R. 9, §§ 25.1(b) or 25.3 prevent disclosure of the documents at issue. This is a question of law, which we review *de novo* with no presumption of correctness. *The Tennessean v. Tenn. Dep't of Pers.*, No. M2005-02578-COA-R3-CV, 2007 WL1241337 (Tenn. Ct. App. Apr. 27, 2007).[6]

As we seek to determine whether either Sections 25.1(b) or 25.3 prevent disclosure of the documents, it is appropriate to apply the principles of statutory construction, under which we look at each section within the context of the larger Rule 9. Our Supreme Court has given the following instruction:

> When statutory provisions are, as in this case, enacted as part of a larger Act, 'we examine the entire Act with a view to arrive at the true intention of each section and the effect to be given, if possible, to the entire Act and every

---

[5] The court ordered production of documents requested in both the September 19 and September 25 requests on the same ground. Our resolution of the issues presented by the court's ruling will not differentiate between the two requests, unless otherwise noted.

[6] In *The Tennessean v. Tenn. Dep't of Pers.*, this court addressed an effort by the *Tennessean* newspaper and one of its reporters for access to documents held by the Tennessee Department of Personnel relative to investigations of alleged harassment of employees; disclosure was resisted based on the claim that the documents were protected by the attorney client privilege and/or the work product doctrine. In addressing the wording of Tenn. Code Ann. § 10-7-503(a) which provided an exception to public access if provided by "state law", we reviewed the evolution of the Act and noted that the "state law" provision in the statute had broadened since its enactment in 1957:

> Therefore, the permissible exceptions to the Act's disclosure requirements were broadened from statutory exceptions to also include exceptions found in any state law including the state constitution, common law, rules of court, and properly authorized rules and regulations, because each of these has the 'full force and effect' of law in Tennessee.

*The Tennessean v. Tenn. Dep't of Pers.*, 2007 WL 1241337 at *5 (citing *Swift v. Campbell*, 159 S.W.3d 565, 571 (Tenn. Ct. App. 2004). No question is raised in this appeal that Tenn. Sup. Ct. R. 9 qualifies as "state law" within the meaning of Tenn. Code Ann. § 10-7-503, and we hold that it does so qualify.

section thereof.  Where different sections are apparently in conflict we must harmonize them, if practicable, and lean in favor of a construction which will render every word operative.'

*Hill v. City of Germantown*, 31 S.W.3d 234, 238 (Tenn. 2000) (quoting *Bible & Godwin Constr. Co. v. Faener Corp.*, 504 S.W.2d 370, 371 (Tenn. 1974).

Tenn. Sup. Ct. R. 9 is the last of several Supreme Court rules governing the practice of law and attorneys in Tennessee[7] and establishes a system for enforcement of Rule 8. Section 1.1 of Rule 9 states:

Any attorney admitted to practice law in this State and any attorney specially admitted by a court of this State for a particular proceeding is subject to the disciplinary jurisdiction of the Supreme Court, the Board of Professional Responsibility, the district committees and hearing panels hereinafter established, and the circuit and chancery court.

Section 5 of Rule 9 creates the Board of Professional Responsibility and vests the Board with certain powers.[8]  Section 6 provides for district committees which are charged with, *inter*

---

[7] Tenn. Sup. Ct. R. 6 allows persons to seek admission to the practice of law; Rule 7 creates the Board of Law Examiners and establishes the requirements and standards for the licensing of attorneys; and Rule 8 establishes rules of professional responsibility and conduct.

[8] Section 5.5 of Rule 9 provides:

The Board shall exercise the powers and perform the duties conferred and imposed upon it by these disciplinary rules, including the power and duty:
(a) To consider and investigate any alleged ground for discipline or alleged incapacity of any attorney called to its attention, or upon its own motion, and to take such action with respect thereto as shall be appropriate to effectuate the purposes of these disciplinary rules.
(b) To adopt written guidelines to ensure the efficient and timely resolution of complaints, investigations, and formal proceedings, which guidelines shall be approved by the Court, and to monitor Disciplinary Counsel's and the hearing panels' continuing compliance with those guidelines.  The Board shall quarterly file a report with the Court demonstrating substantial compliance with the guidelines.
(c) To assign members of the district committees appointed within each disciplinary district to conduct disciplinary hearings and to review and approve or modify recommendations by Disciplinary Counsel for dismissals or informal admonitions.
(d) To review, upon application by Disciplinary Counsel, a determination by the reviewing member of a district committee that a matter should be concluded by dismissal or by private informal admonition without the institution of formal charges.

(continued...)

*alia*, approving or modifying recommendations of the Disciplinary Counsel for dismissals or informal admonitions (Section 6.3) and participating as panel members in disciplinary hearings (Section 6.4).  Section 7 creates the office of Disciplinary Counsel and vests that person with certain responsibilities.[9]  Section 8 sets forth procedures for investigations of complaints filed against lawyers and for the conduct of formal hearings.

In ordering disclosure of the email communications between the Executive Secretary of the Board and the members of and attorneys for the Board, which were sought in the September 25 request, the court held that the emails were not exempt pursuant to Section

---

[8](...continued)
(e) To privately reprimand attorneys for misconduct.
(f) To adopt rules of procedure not inconsistent with these rules.
(g) The Board shall, to the extent it deems feasible, consult with officers of local bar associations concerning any appointment it is authorized to make under these rules.

[9]  The responsibilities of Disciplinary Counsel are:

(a) With the approval of the Board, to employ and supervise staff needed for the performance of counsel's duties.
(b) To investigate all matters involving possible misconduct.
(c) To dispose of all matters involving alleged misconduct by either dismissal, informal admonition, or the prosecution of formal charges before a hearing panel.  Except in matters requiring dismissal because the complaint is frivolous and clearly unfounded on its face or falls outside the Board's jurisdiction, no disposition shall be recommended or undertaken by Disciplinary Counsel until the accused attorney shall have been afforded the opportunity to state a position with respect to the allegations against the attorney.
(d) To prosecute in a timely manner all disciplinary proceedings and proceedings to determine incapacity of attorneys before hearing panels, trial courts, and the Supreme Court.
(e) To investigate, file pleadings, and appear at hearings conducted with respect to petitions for reinstatement of suspended or disbarred attorneys or attorneys transferred to inactive status because of disability, or with respect to petitions for voluntary surrenders of law licenses, and to cross-examine witnesses testifying in support of any such petitions, and to marshal and present available evidence, if any, in opposition thereto.
(f) To file with the Supreme Court certificates of conviction of attorneys for crimes.
(g) To maintain permanent records of all matters processed and the disposition thereof.
(h) To give advisory ethics opinions to members of the bar pursuant to Section 26.
(i) To implement the written guidelines adopted by the Board and approved by the Court pursuant to Section 5.5(b), and to file reports with the Board on a monthly basis demonstrating Disciplinary Counsel's substantial compliance with the guidelines.

25.1(b)[10] because the request for them was made after the petitions for discipline were filed. The court rejected Defendants' contention that the emails constituted "work product and work files (internal memoranda, correspondence, notes and similar documents and files)", as provided in Section 25.3[11], and held that, because the Board, district committee members and Disciplinary Counsel are separate entities, emails between the three do not constitute "work product and work files" within the meaning of Section 25.3.[12] Applying the principles of statutory construction to Rule 9, we conclude that the emails at issue are confidential, privileged and not public records, as provided by Section 25.3; consequently, they are not subject to disclosure.

Section 25.1 provides a broad grant of confidentiality to the various components of the disciplinary process. The section protects the integrity of the process when a complaint has been filed pursuant to Section 8 until the complaint has been investigated and a determination made as to whether the complaint should be dismissed or further action taken. *See* Tenn. Sup. Ct. R. 9 § 8.1. If the complaint is not dismissed, the attorney may be informally admonished or receive a private reprimand; a determination may also be made to issue a public censure or initiate a formal proceeding before a hearing panel. *Id.* Once a proceeding has been initiated, other provisions of Rule 9 govern the respondent lawyer's access to records relating to the proceeding. *See, e.g.*, Tenn. Sup. Ct. R. 9, §§ 13.5, 23.3. In contrast, Section 25.3 designates specific documents, i.e., work files, work product, internal memoranda, correspondence, notes and similar documents or files, to be confidential and privileged and not public records under any circumstance; the provisions of Section 25.3 are not dependent upon and remain in effect whether or not a formal disciplinary proceeding is initiated. Within the larger context of Rule 9, Section 25.3 operates to limit access to particular documents which could otherwise become public pursuant to Section 25.1(b) once

---

[10] Tenn. Sup. Ct. R. 9, § 25.1(b) states:

All matters, investigations, or proceedings involving allegations of misconduct by or the disability of an attorney, including all hearings and all information, records, minutes, files or other documents of the Board, district committee members and Disciplinary Counsel shall be confidential and privileged, and shall not be public records, until or unless:

\*\*\*

(b) a petition to initiate a formal disciplinary proceeding is filed pursuant to Section 8.2.

[11] Tenn. Sup. Ct. R. 9, § 25.3 states:
All work product and work files (including internal memoranda, correspondence, notes and similar documents and files) of the Board, district committee members, and Disciplinary Counsel shall be confidential and privileged and shall not be public records.

[12] The court characterized the parties' conflicting interpretations of Section 25.3 as "competing 'intra' and 'inter' constructions of the section 25.3 by the parties."

a disciplinary proceeding is initiated. Construing Sections 25.1 and 25.3 in this fashion gives each section meaning and renders each operative; we believe this construction to be consistent with the other provisions of Rule 9.

The court found that the documents Ms. Reguli sought were emails which were produced as a part of the routine "conflicts check" conducted by Ms. Webb to determine whether potential hearing committee members would be disqualified from sitting once a determination was made to initiate a disciplinary proceeding.[13] The emails are "correspondence" as referenced in the parenthetical phrase in Section 25.3 and, as stated in the balance of the section, remain privileged and confidential and do not become a public record. Ms. Reguli was not entitled to access to the documents on the basis that they were prepared after the initiation of the disciplinary proceedings.

We also respectfully disagree with the trial court's holding that because the Board, the district committee members and Disciplinary Counsel are "separate entities", emails between them do not constitute work product or work files. The Board, the committee and Disciplinary Counsel were established in Rule 9 to enforce the rules of professional conduct set forth in Rule 8; the members of the Board and the district committees, as well as Disciplinary Counsel, are appointed by the Court and each has a specific role in the enforcement process. Each was created with the purpose and intent of enforcing the disciplinary rules and each operates as an office of the Court, working in conjunction with the other offices, with the overriding purpose of enforcing the rules, all under the supervision of the Court. Within this context, the instruction in Section 25.3 that "work product and work files (internal memoranda, correspondence, notes and similar documents and files) of the Board, district committee members, and Disciplinary Counsel shall be confidential and privileged and shall not be public records" appropriately recognizes the role of each office as part of the larger whole and gives respect to the integrity of the entire enforcement process; the fact that the offices are separate has no significance in this regard.

Ms. Reguli appeals the court's denial of her request for attorneys fees made pursuant to Tenn. Code Ann. § 10-7-505 (g). Our determination that the records were properly withheld from disclosure renders this issue moot.

---

[13] We have reviewed the records and concur that these were emails accumulated in the course of the conflicts checks.

-8-

III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court with instructions to dismiss the petition.

_____
RICHARD H. DINKINS, JUDGE